ELSWORTH COAL COMPANY, Respondent, v. CHARLES QUADE, Appellant.

### St. Louis Court of Appeals, January 3, 1888.

1. PETITION—CAUSE OF ACTION.—A petition that recites a state of facts which, if true, would render it incumbent on the defendant to rectify a mistake made in a settlement, and alleges further that the defendant admitted the mistake and promised to rectify it, states a good cause of action in a cumulative form.

2. —— SUFFICIENCY OF STATEMENT.—A petition may contain no direct averment of a particular fact essential to the cause of action, and may yet so embody such fact by necessary intendment and inference from its allegations, as to state a good cause of action.

3. SETTLEMENT, MISTAKE IN.—An allegation of mistake in a settlement cannot be successfully met by a showing that the mistake really occurred prior to a former settlement, and ought to have been rectified therein.

4. MISTAKE BY OMISSION OF PROPER ENTRY—PROMISE, CONSIDERATION FOR.—A sum of money, which, at the time, was actually due to the defendant, was paid to him by the plaintiff, but the bookkeeper failed to make any entry thereof in the plaintiff's books, and the item was lost sight of in a subsequent settlement of cross-accounts between the parties. The plaintiff afterwards exhibited to the defendant a detailed account, showing the fact of the omission, whereupon the defendant conceded the mistake and promised to rectify it. *Held*, that the facts constituted a sufficient consideration for a binding promise.

5. PRACTICE, APPELLATE—INSTRUCTIONS.—Where the record shows affirmatively that certain instructions which are not preserved were given for the defendant, it will be presumed that such in-

structions correctly declared the law, and the appellate court will not review the refusal of other instructions asked for by the defendant.

6.  Evidence—Account Books.—While books of account are not admissible to prove an indebtedness shown by their entries, they may yet be exhibited for the purpose of showing the omission of a proper entry, whereby a mistake was caused in a subsequent settlement.

Appeal from the St. Louis Circuit Court, Hon. Amos M. Thayer, Judge.

*Affirmed.*

F. Gottschalk, for the appellant: The petition fails to state a cause of action. *Stix v. Matthews*, 75 Mo. 96 ; *Clements v. Yeates*, 69 Mo. 625 ; *Field v. Railroad*, 76 Mo. 614 ; *Pfleger v. Weltne*, 21 Mo. App. 580 ; *Saulsbury v. Alexander*, 50 Mo. 142 ; *Staley v. Wallace*, 21 Mo. App. 128 ; *Stale v. Roberts*, 62 Mo. 388. Books of accounts are not evidence. *Hissrick v. McPherson*, 20 Mo. 310 ; *Anderson v. Volmer*, 83 Mo. 403 ; *Cozzens v. Barrett*, 23 Mo. 544 ; *Hanson v. Jones*, 20 Mo. App. 587. If plaintiff made a mistake in paying the money, it ought to make it appear that it was not equitably due. *Foster v. Kirby*, 31 Mo. 496. The question is whether the plaintiff has paid money to defendant by mistake, which is not rightfully his. *Dobson v. Winner*, 26 Mo. App. 335.

Mills & Flitcraft, for the respondent : The petition is consistent and states a cause of action. The evidence supports the cause of action stated. The petition follows *Hanson v. Jones* (20 Mo. App. 596), and *Lyle v. Shinnebarger* (17 Mo. App. 76). The books were shown to the jury as the only evidence that the entry of the payment of $923.64 was never made on the company's books, and that the amount paid, which was conclusively shown to have been paid to Quade by the voucher signed by him, was not considered in the final settlement closing out the dealings with the Danville office. The voucher proved the payment. The face of

the books showed the mistake and how the mistake originated. The books were not offered to prove any item on the books as against Quade. As defendant's instructions given do not appear in the record, this court must presume that they were correct, and sufficiently presented to the jury the issues on behalf of the defendant.

THOMPSON, J., delivered the opinion of the court.

The petition states that, on or about the twenty-second day of March, 1884, the defendant had an accounting with the plaintiff touching certain dealings previously had between them, wherein it was found that there was due the plaintiff the sum of $68.70, which the defendant thereupon paid; that, by mistake of both parties, there was not considered in said accounting the sum of $923.64, which the plaintiff had paid to the defendant on the first day of June, 1883; that this item was entirely overlooked in said accounting; that if this item had been included in said accounting, the defendant would have owed the plaintiff, after paying off the said $68.70, the full sum of $923.64; that the defendant was thereupon notified of said mistake and omission in the accounting, and that there still remained a balance due from the defendant to the plaintiff of $923.64, which amount the defendant, at that time, promised to pay; but that the defendant, though often requested, has failed to pay the same.

The answer is, first, a general denial, and, secondly, a counter-claim.

There was a trial by jury, which resulted in a verdict in favor of the plaintiff for the amount claimed in its petition, with interest, and a verdict against the defendant on his counter-claim. From the judgment entered on this verdict the defendant prosecutes this appeal. No error is assigned by the defendant touching the disposition of the counter-claim, and it may, therefore, be laid entirely out of view.

I. The first error assigned is, that the petition states no cause of action. We overrule this assignment

of error with the observation that the petition so plainly states a good cause of action that the point is not worthy of any discussion. *Hanson v. Jones*, 20 Mo. App. 595, 598; *Lyle v. Shinnebarger*, 17 Mo. App. 66; *Davis v. Krum*, 12 Mo. App. 279; *Budd v. Eyermann*, 10 Mo. App. 437; *McDonald v. Lynch*, 59 Mo. 350. The petition states a good cause of action in a cumulative form. First, it recites a state of facts which, if true, renders it incumbent upon the defendant, as a matter of conscience and fair dealing, to rectify the mistake in the settlement, and to pay to the plaintiff the amount which would have appeared to be due upon a proper settlement had the mistake not been made. Secondly, it states that, when the attention of the defendant was called to the mistake, he admitted that it had been made and promised to rectify it and to pay the amount which, but for the mistake, would have appeared upon a final account to be due. It thus counts upon the promise which the law, *ex aequo et bono*, raises in such a case, and moreover, it charges an express promise on the part of the defendant in conformity with the promise which the law implies.

II. The defendant contends that it does not appear, by any allegations of the petition, that the accounting had between the parties was intended to include all the dealings between them, so that the inference is not excluded, that the accounting might have been of matters outside of said prior payment. It is true that this does not appear by any express averment, but it does appear by necessary inference from the statement that, by mutual mistake, the sum herein sued for was not considered in said accounting.

III. The defendant next contends that there is a failure of proof in this, that the mistake, if any, is shown by the evidence to have occurred in June, 1883, and not in March, 1884, as charged in the petition. The facts shown are, that the credit of $923.64, if plaintiff was entitled to it at all, should have been taken into account in the settlement of June, 1883, but it was not taken into account, either in that settlement or in a

number of subsequent settlements made between the parties, between that date and the date of their settlement in March, 1884. We cannot see how this objection goes to the real merit of the controversy. No question of limitation is raised by the pleadings, nor could such question be raised under the evidence. There is no pretense that the defendant was not advised long before the trial as to the exact nature of plaintiff's demand. No surprise is claimed at the trial. The variance, if any, was within the purview of sections 3565 and 3566, of the Revised Statutes.

IV. The next contention of defendant is, that the evidence failed to make out a case to go to the jury, as there was no evidence of any mistake ; and, therefore, any subsequent promise to pay by defendant, even if shown, was not supported by any consideration sufficient in law. This is the only contention of defendant deserving serious consideration. The evidence on the subject of mistake was necessarily circumstantial. It was not disputed that the balance of $923.64 was justly due to defendant when paid and that the payment of that amount was no mistake. But it was also shown that the parties had cross-accounts, and that their books usually contained the debits and credits of both accounts, and that this credit of $923.64 was never entered upon the plaintiff's books to the credit of its account with the defendant. It is true that there was no testimony that any corresponding entries of debit were not likewise omitted from the books, as at this particular date there was a change of books ; and if the case had rested there, there would have been nothing to go to the jury. But the evidence went further. It tended to show that, when plaintiff discovered this alleged mistake, it exhibited a detailed account to defendant, claiming to show how the mistake occurred, and that the defendant thereupon, having access to his own books, conceded the mistake, and promised to rectify it. The plaintiff's case, therefore, tended to show, not a mere naked promise to pay, supported by no consideration, but an admission by defend-

ant of the actual occurrence of the mistake as claimed by plaintiff, and a promise to pay based upon such consideration. There was a conflict of evidence on this subject, but as plaintiff's version is supported by substantial evidence, it was sufficient to warrant the verdict.

V. The defendant next contends that the court erred in its charge to the jury. The record affirmatively shows that the court gave certain instructions for defendant which are not preserved in the record. We must presume that the instructions thus omitted correctly declared the law, and must disregard the instructions asked by defendant and refused. The instructions given on behalf of the plaintiff state the law correctly. The record brings nothing here for review on that subject.

VI. Error is assigned upon the ruling of the trial court in allowing the plaintiff to exhibit two of its ledgers to the jury. There was no error in this ruling. The theory upon which a plaintiff's books of accounts are not allowed to be used as evidence in his favor is, that A cannot, by writing in a private book kept by himself a statement that B owes him money, make B his debtor. But these books were offered for no such purpose. Evidence had been given to show that the mistake occurred through the failure of the, plaintiff's bookkeeper to enter in the plaintiff's ledger a credit in favor of the plaintiff in the sum of $923.64, which the plaintiff had paid to the defendant, for which payment it held the defendant's receipt upon a voucher consisting of a bill of items for certain services performed by the defendant, and that the failure to enter this credit upon the plaintiff's ledger was owing to the fact that its bookkeeper overlooked this voucher. The two ledgers were exhibited to the jury, and the jury were permitted by the court to examine them, for the purpose of showing that this voucher, which had previously been put in evidence, had nowhere been entered therein by the plaintiff's bookkeeper. In other words, the books were exhibited

for the purpose of corroborating the statements of witnesses, who had testified for the plaintiff, that this mistake had been made, and that it had been made in the manner described, and for no other purpose. For this purpose they were competent evidence. They do not appear to have been referred to for any other purpose, nor is there anything tending to show that they contained any entries prejudicial to the plaintiff, or that any prejudicial use was made of them.

The judgment will be affirmed. It is so ordered. All the judges concur.