# Nelms *v.* The State.

## *Indictment for Forgery.*

1.  *Proof of handwriting.*—A witness is competent to testify to the
handwriting of another person, when he has any acquaintance or
familiarity with it, whether acquired by seeing him write once or
oftener, or in any other legal way; but, when he says he does not
know the handwriting of the party, and is not familiar with it, though
he has seen him write once, he can not give his opinion as to the par-
ticular signature or writing in dispute.

FROM the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The defendant in this case was indicted for the forgery of a
written instrument, which was written on a blank form, head-
ed "Office of J. G. Guice & Bro., cotton brokers and commis-
sion-merchants, Eufaula, Ala," and in these words : "Mr. Par-
ker, Pay this boy $1.00 for me;" signed, "Miss Susie Guice."   On
the trial, as the bill of exceptions shows, C. W. Guice, who
7

was a partner of the firm of Guice & Brother, and who had sued out the warrant for the arrest of the defendant, testified that his wife was named Susie Guice, and that neither the writing nor the signature to it was in her handwriting; that the writing was presented to him, on the day he sued out the warrant, by Mr. Henry Parker, a merchant in Eufaula, who was accompanied by a little negro boy named Patty; and there was other evidence showing that the defendant, who was employed in the office of Guice & Brother, had given the writing to the boy, and promised to give him a part of the money if he got it. Said Guice further testified, that when Parker presented the order to him, "he requested the defendant to write a few lines for him, and defendant did so; that this was all of the defendant's writing he had ever seen; that he did not know the defendant's handwriting, had never seen him write but that once, and had never seen but that one writing that he knew to be his; that he was not familiar with, and did not know defendant's handwriting, and could not say whether said note or order was in his handwriting." On this evidence, the court allowed the witness to testify, against the objection of the defendant, that, in his opinion, said note or order, both in its body and signature, was in the handwriting of the defendant;" and to this ruling the defendant excepted.

H. D. CLAYTON, for appellant, cited *Givens v. State*, 5 Ala. 747; *Bishop v. State*, 30 Ala. 34; Roscoe's Crim. Ev. (7th ed.), 143; 80 Cal. 448; 76 Texas, 448; N. W. Rep. 1003; 11 S. E. Rep. 686.

WM. L. MARTIN, Attorney-General, for the State, cited *Moon v. Crowder*, 72 Ala. 79; *Hopper v. Ashley*, 15 Ala. 457; 1 Greenl. Ev., § 577; 1 Whart. Ev., § 707; 9 Amer. & Eng. Encyc. Law, 265, 270–71.

COLEMAN, J.—But one question is presented by the bill of exceptions, and that is as to the competency of the testimony of the witness C. W. Guice, the husband of Susie Guice, to show that the written instrument was in the handwriting of the defendant.

Persons who are acquainted with, or have some knowledge of another's handwriting, whether acquired by having seen the party write, or other legal way, are competent to testify and give an opinion as to the genuineness of the signature. Experts may go further, and institute a comparison between writings admitted to be genuine and those disputed, and give an opinion. A witness need not be familiar with another's

handwriting, to render him competent; on the other hand, not every person who has seen another write is competent to testify, or give an opinion upon the genuineness of the signature. In the course of a busy life, one may see many persons write, in many instances merely casually, the recollection of which is entirely effaced from the memory, as much so as if he had never seen the writing. In such cases, the witness is not competent to give an opinion, merely because he may remember, or it may be shown, that he has seen the person write. Not being an expert, in order to make a witness competent to give an opinion as to the genuineness of a writing, he must be able to say that he has some knowledge or acquaintance with the handwriting of the person, or believes he has such knowledge or acquaintanceship, acquired by seeing him write many times, or once, or in some other legal way. The extent of his knowledge or familiarity with the handwriting in question enters into the weight of his testimony, but does not affect its competency.

In the case of *State v. Givens*, 5 Ala. 754, it was declared, that " a witness required to testify upon the subject, must possess a previous knowledge, acquired by having seen the party write, or in some other legal manner."

In the case of *Hopper v. Ashley*, 15 Ala. 465, the witness answered, "that *he had seen the plaintiff write once, but he did not know his handwriting.*" The court informed the witness " that he was not required to swear positively as to the writing, but if, from having seen the plaintiff write once or oftener, he believed he was acquainted with his handwriting, or would recognize it, then he was competent, and bound to give his opinion." Here the witness was held incompetent.

The case of *Moon v. Crowder*, 72 Ala. 88, relied on by the prosecution, does not militate against these authorities. The declaration "that a witness who has seen the party write may express his opinion," referred to the facts of the case which appeared in the record, though not reported in the opinion, and which tended to show a previous knowledge of the handwriting, acquired by having seen the party write. The more recent case of *Griffin v. State*, 8 So. Rep. 670, 90 Ala. 596, fully declared the same rule, as to the competency of a witness to give an opinion upon handwriting.

The witness Guice testified, "that he did not know the defendant's handwriting; that he had seen him write but once, and that he had seen but that one writing that he knew to be defendant's; that witness was not familiar with, and did not know the defendant's handwriting, and could not say whether the said note or order was in the handwriting of the defend-

[Lundy y. The State.]

ant." Without more, this is not sufficient to render the witness competent to give an opinion. Possibly, if the witness had been instructed as to the extent of knowledge or acquaintanceship with the handwriting necessary and applying in such cases, as explained in the case of *Hopper v. Ashley*, 15 Ala. *snpra*, the knowledge of the witness was sufficient to bring him within the rule; but, as it appears in the record, the objection should have been sustained.

Reversed and remanded.