# Beatty v. Hobson, Exec.

## Contest of Probate of Will.

1. *Appeal from probate court; when bill of exceptions should be stricken from the record.*—Where the bill of exceptions in a cause tried in the probate court is not signed until after the expiration of the ten days from the date of the decree or judgment, and there is no order made by the court allowing said bill of exceptions to be signed after the expiration of the ten days, and no agreement by counsel in writing to such effect, such bill of exceptions will not be considered by the Supreme Court on appeal, but will be stricken from the record on motion properly made.

2. *Same; judgment upon motion for new trial not revisable.*—The statute allowing appeals from judgments granting or refusing to grant motions for a new trial, applies only to civil causes in the circuit and city courts, (Code, § 434); and, therefore, the action of the probate court in overruling and refusing to grant a motion for a new trial in a cause pending in such court is not revisable on appeal.

APPEAL from the Probate Court of Calhoun.

Heard before the Hon. E. F. CROOK.

The proeceedings in this case were had upon an application made by appellee, J. B. Hobson, as executor of the will of Jesse Beatty, deceased, to have the will of said Jesse Beatty probated. Upon the filing of this application, there was a contest filed by the appellant, William A. Beatty.

The cause was tried by the court with a jury. There was a verdict in favor of the proponent, and the court rendered a decree accordingly. The contestant filed an application for a new trial, which was overruled. The contestant appeals, and assigns as error the several rulings of the trial court and the decrees rendered. Under the opinion on the present appeal, it is unnecessary to set out the facts of the case in detail.

JAMES H. SAVAGE and WILLETT & BROTHERS, for appellant.

KNOX, BOWIE & BLACKMON and A. N. McLEOD, contra.

TYSON, J.—Appeal from probate court on the trial of contest of a will by the contestant.

The trial of the cause was by the court, with a jury, at a special term, resulting in a decree entered of date the 18th day of January, 1900, in favor of the proponent.

The decree contains no order for the signing of the bill of exceptions, after the expiration of the ten days allowed by section 465 of the Code. The bill of exceptions was signed on the 27th day of February, 1900, which was subsequent to the holding of the regular term in February. It is plain, therefore, that the bill of exceptions cannot be looked to for the purpose of reviewing any exceptions reserved upon the trial.—*Ala. M. R'y. Co. v. Brown,* 129 Ala. 282; 29 So. Rep. 548; *Karter v. Peck,* 121 Ala. 636; *Bank of Dothan v. Wilks,* 31 So. Rep. 451.

On the 8th day of February, four days before the convening of the court at its regular term, and twenty-one days after the trial, the contestant filed his motion for a new trial, assigning errors committed by the court

upon the trial, which was regularly continued until the 21st of February, on which day it was overruled. In the order overruling and denying the motion fifteen days were allowed for the preparation and signing of the bill of exceptions, which, as we have shown, was signed on the 27th.

Prior to the enactment of the act of February 16, 1891, now constituting section 434 of the Code, the granting or refusing of a motion for a new trial by the judge of the circuit or city courts in civil causes, was not revisable and could not be assigned for error.—3 Brick. Dig., 404, § 2. This court has uniformly held that because this statute by its language restricts the revision of motions of this character to civil causes, that the rulings of those courts upon such motions in criminal cases is not reviewable.—*Jolly v. The State,* 94 Ala. 19; *Ray v. The State,* 126 Ala. 9. Adhering to this rule of construction, the statute, being in abrogation of the rule which has prevailed from the organization of this court, we cannot extend its provisions to the rulings of probate courts upon motions for new trials, since its language restricts the review by us to the ruling of the circuit or city courts upon such motions.

The bill of exceptions in the record having no purpose to serve, the motion to strike it must be granted, and no error being assigned upon the record proper, the decree of the probate court must be affirmed.