# Stevens, *et al. v.* The State.

## *Arson.*

(Decided June 30, 1908. 47 South. 208.)

*Indnictment and Information; Misjoinder of Counts; Demurrer; Nol Pros.*—Where an indictment is subject to demurrer for misjoinder of counts, and the demurrer thereto is sustained, the subsequent action of the court in permitting a nol pros to be taken as to all counts of the indictment save the first, had the effect to set aside the judgment on demurrer to the indictment, and operated to cure the misjoinder. (McClellan, J., dissents.)

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

John Stevens and another were convicted of arson and they appeal. Affirmed.

The 1st count of the indictment charges the burning of a corn crib. The 2nd count charges the burning of a stable, and the 3rd count the burning of a barn, in each instance the property of Arrie Reynolds. The demurrer takes the point that the 1st count charges a felony, the 2nd and 3rd counts are misdemeanors. The court sustained the demurrer, but afterwards permitted the state to take a nol pros as to the 2nd and 3rd count, and put the defendant to trial upon the 1st count.

W. L. LEE, for appellant. The demurrer was fatally defective.—*Adams v. The State,* 55 Ala. 143; *James v. The State,* 104 Ala. 20. After the demurrer was sustained, the indictment could not be given life by entering a

nol pros as to certain counts.—*Slam v. The State,* 89 Ala. 56; *Lacey v. The State,* 58 Ala. 385; *Turner v. The State,* 40 Ala. 21. The indictment should have been quashed and the defendant held to await the further action of the grand jury.—Authorities supra.

ALEXANDER M. GARBER, Attorney-General, for the State. The contention of the appellant is not good. The court took the proper method to cure the misjoiner.—*Wooster v. The State,* 55 Ala. 217; 1 Mayf. Dig. 701.

McCLELLAN, J.—The charge against these defendants was arson. The judgment entry contains the following recital, and no more, on this subject: "Demurrers to indictment for misjoinder of counts. Upon hearing of argument upon demurrer, it is the judgment of the court that the grounds of demurrer are well taken, whereupon it is ordered and adjudged by the court that said demurrer be, and the same is hereby, sustained and held as good. State takes a nol. pros. as to counts 2 and 3. Defendants object to the allowance of such nol. pros., and except to the ruling of the court in allowing it." The defendants were then put upon trial under the first count, and the jury returned a verdict of "guilty as charged."—*In James' Case,* 104 Ala. 26, 16 South. 94, it is said that an indictment charging in separate counts a misdemeanor and a felony "is entirely bad on demurrer for misjoinder." Such a demurrer was here interposed, and as affirmative appears from the judgment entry, which we quote, the demurrer, after consideration, was by the court sustained. This action, beyond any doubt, struck down wholly the indictment against these defendants and left them unimpleaded of any offense. Such being the effect of the judgment of

[Stevens, et al. v. The State.]

the court on the demurrer, there was no charge of any character against these defendants subject to nol. pros., by the solicitor.

The only possible action open to the court to be taken, after sustaining the demurrer, was either to set that ruling aside, or to remand the matter to a grand jury for a new indictment. Neither of these courses were taken. Certainly the nol. pros., even if given, against reason, a nominal effect, did not operate to revive the first count, which, with the whole accusation, fell under the ruling on the demurrer; and, furthermore, the ruling sustaining the demurrer was a judgment entitling the defendants to their discharge, unless one of the two courses mentioned were taken. It cannot be said that the consent by the court to the nol. pros., of the counts was the equivalent of a setting aside of the judgment striking down the whole indictment. Courts cannot proceed in that way. Such action must at least approach the same formality in setting aside judgments as in rendering them. Indirection is not a judicial method. The point under consideration seems to have been immediately noticed in *Wooster's Case*, 55 Ala. 220, where a predicate for the ruling made upholding a nol. pros., of more counts in an indictment assailed by demurrer for misjoinder was expressly said to be "without passing on the demurrer."

The foregoing must be taken as the views, in dissent, of the writer, since the other justices hold that the granting of the nol. pros., of counts 2 and 3 affected to set aside the judgment on the demurrer for misjoinder, and that such nol. pros., operated to cure the indictment as upon the first count.

The judgment is therefore affirmed.

Affirmed.

Tyson, C. J., and Dowdell. Simpson, Anderson, and Denson, JJ., concur. McClellan, J., dissents.