# Venable v. Venable.

## Contest of Will.

(Decided Jan. 20, 1910. 51 South. 833.)

1. *Appeal and Error; Decisions Reviewable; Motion for New Trial*—The action of a probate court in overruling a motion for a new trial in a will contest is not revisable on appeal.

2. *Same; Harmless Error; Instruction.*—The giving of a charge asserting that in weighing the testimony of a witness the jury might consider the fact, if it be a fact, that he has made contradictory statements, is harmless, although it may be argumentative or misleading.

3. *Wills; Probate; Verdict; Review.*—This court cannot review the verdict of a jury holding against the validity of the will on a contest in the probate court.

[Venable v. Venable.]

4. *Same; Contest; Instruction.*—Where the testimony for the proponent was that the will was executed in the presence of three witnesses who had signed the same, and the court had instructed that two attesting witnesses were sufficient to render the will valid so far as its execution is concerned, a further instruction was not erroneous which asserted that the jury must be reasonably satisfied that the instrument was attested by the three witnesses in order to find the same valid.

5. *Same; Evidence; Statement by Deceased.*—Where a proponent introduced without objection testimony of certain statements made by the deceased subsequent to the execution of the proposed will for the evident purpose of showing that the deceased recognized said will. the contestant was entitled to show contrary statements by the deceased.

6. *Same; Burden of Proof.*—In a proceeding to contest a will on the ground of forgery in its execution. the contestant does not have the burden of showing that deceased did not sign the paper.

7. *Same; Discretion of Courts; Costs.*—In a proceeding to contest a will the matter of taxing the costs in the same against the estate of the decedent was largely within the discretion of the court, and such action will not be reviewed on appeal.

8. *Evidence; Expert; Qualification; Handwriting.*—A witness who was a bookkeeper for a bank for ten or twelve years, and whose duty it was to keep the account of the customers. charged the checks and entered the deposits, and that while he had not seen testator write, yet his checks were charged to his account and paid and most of them afterwards returned to the depositor, and that he knew that the bank accepted as his signature the card deposited for that purpose when the account was opened; that he was familiar with the signature on the card, and that he had been handling this signature for five years or more, was qualified to testify as to the genuineness of such depositor's signature.

9. *Same.*—Where a witness shows himself qualified to testify as to the genuineness of the signature to a will, he was not rendered incompetent to testify thereto by a statement on cross examination that. for the purpose of refreshing his memory, after he had expressed the opinion that the signature to the alleged will was not genuine, he had examined the checks and other papers signed by the deceased.

10. *Witnesses; Credibility; Question of Facts.*—The credibility of a witness is a question for the determination of the jury where evidence is introduced tending to impeach his credibility.

11. *Same.*—Where a witness knowingly and intentionally gave false testimony as to a material matter, the jury may reject his entire testimony.

12. *Same; Impeachment.*—If the general reputation of a witness is impeached for truth the jury may reject his entire testimony, and hence. a charge asserting the same is not objectionable as authorizing a capricious rejection of his testimony. nor as authorizing the rejection of such testimony if there was evidence merely tending to impeach the witness.

13. *Charge of Court; Necessity for Request.*—Where a charge was objectionable only in that it was misleading it should have been cor-

[Venable v. Venable.]

rected by an explanatory charge, and no reversible error was committed in giving it.

14. *Same; Assumption of Fact.*—A charge that where a will offered for probate is attacked as a forgery. the burden of proving its genuineness is upon proponent, was not objectionable as referred to the paper propounded as a will.

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Proceedings to contest a will. From a decree holding the will invalid, and an order denying a motion for new trial, both propondent and contestant appeal. Affirmed.

The following charges are those referred to in the opinion: (2) "If any individual jurors are not reasonably satisfied that W. R. Venable signed the instrument offered in evidence as his will, and that it was attested by Lewis, Childs, and Trentham in the presence of the said W. R. Venable, they cannot return a verdict for proponent." (7) "If the jury believe that J. B. Lewis knowingly and intentionally gave false testimony on his examination as a witness as to any material matter, then you have a right to reject his entire testimony." (8) "'The court charges the jury that where a will is propounded for probate, and is attacked as a forgery, the burden of proving its genuineness is upon the proponent." (10) "In weighing the testimony of a witness, the jury may consider the fact, if it be a fact, that he has made contradictory statements." (11) "The court charges the jury that, if they believe that the general reputation of any witness in this case has been impeached for truth, they may reject his testimony entirely." (13) "The credibility of a witness, and what weight should be given his testimony, is for the determination of the jury." (16) "If the jury believe that W. R. Venable stated, after the 4th day of July, 1908, that he had made no will, this may be considered by them in determ-

ining whether or not the paper offered is genuine." (17) "The burden of proof is not on the contestant, L. S. Venable, to prove that W. R. Venable did not sign the paper introduced in evidence as a will by the proponent, Sam Venable."

HILL, HILL & WHITING, and W. A. JORDAN, for appellant. While not unmindful of the decision in the case of *Beattey v. Hobson*, 133 Ala. 270, we are of the opinion that section 2855, 2865, and 2864, should be given some field of operation, and that this court should review the motion for a new trial, which is the basis of assignments of error 1, 2, 7 and 20. The court erred in permitting the witness Campbell to testify as to the genuineness of the signature.—3 Wigmore on Evid., section 1997; 1 Greenl. sec. 555; *Gibson v. Towbridge F. Co.*, 96 Ala. 361. The court erred as to the charges on the impeachment of the witnesses.—30 A. & E. Ency. of Law, 1069; *Walton v. Kendrick*, 25 L. R. A. The evidence of the subsequent declaration by the testator was not competent to prove or disprove the execution of the will.—*Griffin v. Working Woman's Assn.*, 44 South. 605. Counsel discuss and criticise other charges, but without citation of authority.

TYSON, WILSON & MARTIN, for appellee. A verdict of the jury will not be disturbed by the appellate court after allowing all reasonable presumption of its correctness unless the prepondrance of the evidence is such as to clearly convince the court that it was wrong and unjust.—*Cobb v. Malone*, 92 Ala. 630. There is no statute authorizing a review of the motion for a new trial in the probate court. The objections to the testimony of Campbell was too general to be considered by the court. —8 Enc. P. & P. 218-228 and cases cited. From the

knowledge of the signature shown by Campbell, he was competent to testify as to the handwriting.—*Johnson v. The State,* 35 Ala. 370; *Nelms v. The State,* 91 Ala. 97; *Gibson v. Trowbridge F. Co.,* 96 Ala. 357; 17 Cyc. 159 Ala. 160. Charge 2 given for contestant was proper.—*Carter v. Chambers,* 79 Ala. 222; *McDonald v. Mont. St. Ry.,* 110 Ala. 161. Charge 10 is not subject to the criticism indulged.—*Sanders v. The State,* 148 Ala. 603; *L. & N. v. Lile,* 154 Ala. 556; *Mansfield v. Morgan,* 140 Ala. 557. Charge 11 was correct.—Authorities supra and *Prater v. The State,* 107 Ala. 26; *Smith v. The State,* 118 Ala. 117. Charge 16 was correct.—*M. & B. R. R. Co. v. Ladd,* 92 Ala. 287, and cases cited. Counsel discuss other charges, but without further citation of authority.

SIMPSON, J.—The appellant propounded a paper, purporting to be the will of W. R. Venable, for probate. The appellee contested the same, and the matter was submitted to a jury according to law. The verdict of the jury was against the validity of the will, and decree was entered in accordance with the verdict. A motion for a new trial was overruled.

It is settled, according to the statute and practice in this state, that the action of the probate court, in overruling a motion for a new trial, is not revisable in this court.—Code 1907, § 2846; *Beatty v. Hobson,* 133 Ala. 270, 31 South. 946. Section 2865 of the Code of 1907 does not override this prinicple. The jury having rendered its verdict, the probate court could not have rendered any other decree than that which was rendered. Hence the assignments going to the correctness of the verdict, or the action of the court on motion for a new trial, cannot be considered.

The three witnesses whose names were signed to the paper testified to the execution of the will, but evidence was introduced by the contestant tending to impeach the credibility of said witnesses. Hence the matter of their credibility, and as to whether the will was the act of the deceased, or a forgery, were for the jury to determine.

The witness N. B. Campbell testified that he was bookkeeper for the First National Bank for 10 or 12 years; that his duty was to keep the accounts of customers, charge the checks and enter the deposits; that in that position he became familiar with the signature of W. R. Venable; that, while he had not seen said Venable write, yet those checks were charged to his account and paid, and most of them were afterwards returned to Venable; that he knew what the bank always accepted as his signature; that he was familiar with the card that was accepted when the account was opened, and that was given him to go by; that he had been handling this signature for five years or more. This testimony qualified the witness to testify as to the genuineness of the signature, and the fact that, on cross examination, he stated that, for the purpose of refreshing his memory, after he had expressed the opinion that the signature to the paper was not that of Venable, he had examined the checks and other papers, did not render him incompetent to testify.—*Johnson v. State*, 35 Ala. 370; *Gibson v. Trowbridge Furniture Co.*, 96 Ala. 357, 11 South. 365; *Nelms v. State*, 91 Ala. 97, 9 South. 193; 17 Cyc. 159, 160, 161.

It is next insisted that Charge No. 2 given at the request of the contestant is erroneous, because it requires that the will, to be valid, must have been attested by three witnesses, in place of two, as required by the statute. The court had just charged the jury that two at-

testing witnesses were sufficient to the validity of the will. The testimony of all the witnesses for the proponent was that the will was executed in the presence of the three witnesses named in the charge, and so that it was either executed in their presence and attested by them, or not attested at all. Charges must be construed with reference to the testimony.—*Carter v. Chambers*, 79 Ala. 223; *McDonald v. Montgomery Street Ry.*, 110 Ala. 161, 178, 20 South. 317. The most that can be said in criticism of the charge is that it may have been misleading. It could have been corrected by an explanatory charge. There was no error in giving it.

There was no error in giving charge No. 7 at the request of the contestant. There was evidence tending to impeach the testimony of the witness J. B. Lewis, and the charge asserts a correct principle of law.

Charge 8 asserts a correct principle of law, and was properly given. It would be hypercritical to hold that, because the paper propounded is mentioned in the charge as a "will," it is contradictory in asserting that the paper is already proved to be the will of the decedent, and still has to be proved.

There was no reversible error in the giving of charge 10. It may be argumentative or misleading, but does not call for further criticism.

Charge 11 asserts a correct principle of law. It does not authorize the capricious rejection of testimony, nor does it assert that if there is evidence tending to impeach, etc., but if the general reputation of the witness has been impeached; that is, if the evidence justifies the finding that his character is such that he is unworthy of belief, in other words, successfully impeached.—*Smith v. State,* 118 Ala. 117, 24 South. 55.

There was no error in giving charge 13.

There was no error in giving charge No. 16, at the request of the contestant. The proponent had intro-

duced, without objection, testimony as to statements made by the deceased subsequent to the supposed execution of the will, with the evident purpose of showing that he recognized said will. This being the case, the contestant had a right to meet said testimony by proof of other statements made by the intestate tending to show that he had not made any will at all, and necessarily to have the same considered by the jury.

There was no error in giving charge 17, on request of the contestant.—*Griffin v. Working Women's Ass'n,* 151 Ala. 597, 44 South. 605.

As to the cross-appeal the matter of taxing the estate with costs is largely in the discretion of the court, and this court will not disturb his ruling in this case.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.