# Bouie *v.* The State.

## *Murder.*

(Decided February 2, 1915.　Rehearing denied February 11, 1915.
67 South. 619.)

1. *Witnesses; Weight of Testimony.*—Before the jury is authorized to disregard the entire testimony of the witness on the ground that he swore falsely to material fact, they must believe that he was willfully false, and an instruction which omits the elements of willfulness is properly refused.

2. *Same; Impeachment.*—Where the brother of deceased, who testified to the killing at no time testified that deceased was not drinking, or that he was not ugly when he was drinking, it was not proper on cross-examination to ask him whether he did not tell a third person that deceased was drinking, that when he was drinking he was rowdy, and that that was the reason he got killed, as such evidence had no tendency to discredit the witness.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Peter Bouie was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following charges were refused defendant:

(1) The court charges the jury that, if they believe that Mallie Willis swore falsely to material facts on a former trial of this case, they may disregard his evidence in the present trial. (2, 3) Same as 1 as to other witnesses named.

LEE & THOMPKINS, for appellant. Written charges 1, 2 and 3 should have been given under the peculiar circumstances of this case.—*Burton v. State,* 115 Ala. 1; *R. R. Co. v. Frazer,* 93 Ala. 45; *Childers v. State,* 76 Ala. 93; *Lowe v. State,* 88 Ala. 8. The court erred in excluding the questions propounded to the brother of deceased as to his statement to a third party about the habits of deceased, and that he was drinking, etc.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—Written charges numbered 1, 2, and 3, requested by defendant, and the refusal of which by the court is suggested as error, were clearly faulty. Before the jury are authorized to disregard the entire testimony of a witness on the basis of a false swearing by him as to a material fact, they must believe that he willfully swore falsely as to such fact; whereas, these charges predicate such right upon a mere false swearing. "Falsus in uno, falsus in omnibus," is the maxim; but the falsity must be willful—an intentional lapse from what the witness knows to be the truth. When such corruptness of the witness has been proved as to his statement with respect to one material fact—since it furnishes an index to his whole character—it may shatter his credibility in toto and justify a disbelief of all other statements made by him on the trial. But where the falsity of the statement proceeds from honest mistake or a misunderstanding, rather than from a willfulness to commit perjury, the rule is different and does not warrant the dethronement of the integrity of the entire testimony of the witness on this account.—*Gillespie v. Hester,* 160 Ala. 445, 49 South. 580; *Burton v. State,* 115 Ala. 1, 22 South. 585; *Seaboard Air Line v. Taylor,* 9 Ala. App. 628, 64 South. 187. The charges mentioned ignored the question of willfulness, and were properly refused.—Authorities supra.

Defendant was charged with murder in the second degree, was convicted on a former trial of mansalughter in the first degree, and on this trial pleaded that conviction as an acquittal of murder in the second degree, which plea was confessed by the state. Consequently, the defendant was tried this time only on a charge of

manslaughter. He pleaded self-defense and was found guilty of manslaughter in the first degree.

The only exception to the action of the court in its rulings on the evidence was to its sustaining of the solicitor's objection to the following question propounded by defendant's counsel on cross-examination to the state's witness Jonas Long, a brother of deceased, to wit:

"Did you not tell Jack Jackson, several months after the shooting, at Mr. Strong's plantation in this county, when no other persons were present but you and he, and in response to his inquiry as to how your brother [the deceased] came to get killed, that 'he [deceased] was drinking and that when he was drinking he was very rowdy and that is the very reason he got killed?"

Assuming that the witness made this statement to Jack Jackson, there is nothing in it impeaching or contradicting any statement, material or even immaterial, as for that, made by the witness on this trial. The witness nowhere swore on this trial that deceased was not drinking; and nowhere swore that when deceased was drinking he was not rowdy; and nowhere swore—and could not legally have been permitted to swear to any such conclusion or the reverse—that because the deceased was drinking and was rowdy when drinking was not the reason he got killed.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.