(79 South. 675)

BARNETT v. STATE. (7 Div. 476.)

(Court of Appeals of Alabama. June 30, 1917. Rehearing Denied Nov. 13, 1917.)

1. INDICTMENT AND INFORMATION ⊂⊃153 — MISJOINDER OF COUNTS—EFFECT OF SUSTAINING DEMURRER.

Judgment sustaining demurrer to one of two counts that were improperly joined eliminates such count, and relieves indictment of the vice of misjoinder.

2. CRIMINAL LAW ⊂⊃1162 — REVIEW — SUBSTANTIAL RIGHTS—PREJUDICE.

Where a substantial right of the accused has been prejudiced, a new trial should be had; otherwise, the appellate court should affirm a conviction.

3. CRIMINAL LAW ⊂⊃785(3)—INSTRUCTIONS—WITNESSES—DISREGARDING TESTIMONY.

Requested instruction authorizing jury to disregard testimony of witness if she "swore falsely as to a material fact" held improper, in that it did not hypothesize that the testimony of the witness was either willfully or corruptly false as to a material fact.

4. CRIMINAL LAW ⊂⊃807(1)—ARGUMENTATIVE INSTRUCTIONS.

An argumentative instruction held properly refused.

5. CRIMINAL LAW ⊂⊃829(1) — INSTRUCTIONS COVERED BY OTHERS GIVEN.

Requested instructions, which were substantial duplicates of others given, were properly refused.

6. CRIMINAL LAW ⊂⊃561(1) — REASONABLE DOUBT.

Acquittal cannot be predicated upon reasonable doubt, unless such doubt arises from the evidence.

7. CRIMINAL LAW ⊂⊃815(13) — TRIAL — INSTRUCTIONS.

In prosecution for assault with intent to ravish, instruction requiring acquittal, if jury believed conduct of prosecutrix was such as to lead accused to believe she would consent, was properly refused, where accused was subject under indictment to conviction of assault and battery.

8. CRIMINAL LAW ⊂⊃811(2)—INSTRUCTIONS—EMPHASIZING EVIDENCE.

Instruction, in the prosecution for assault with intent to ravish, held to unduly emphasize "the evidence bearing upon the previous relation" between defendant and prosecutrix.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. RAPE ☞43(2)—ASSAULT — ADMISSIBILITY OF EVIDENCE—MARKS ON PERSON.**

In prosecution for assault with intent to ravish, testimony of prosecutrix as to marks left on her person when defendant "grabbed her" *held* admissible.

**10. CRIMINAL LAW ☞421(1) — EVIDENCE — HEARSAY.**

In prosecution for assault with intent to ravish, answer to question, "You had heard rumors about the defendant claiming that he was at" D.'s "house the night this happened?" *held* inadmissible as hearsay.

**11. WITNESSES ☞277(5) — ADMISSIBILITY OF EVIDENCE.**

In prosecution for assault with intent to ravish, it was error to permit state to show, on cross-examination of defendant, that .he had been twice married and the homes of his wives; such evidence being immaterial and irrelevant.

**12. CRIMINAL LAW ☞1169(1)—PREJUDICIAL ERROR—EVIDENCE.**

In prosecution for assault with intent to ravish, evidence brought out by state that defendant had been twice married was prejudicial, and was not rendered harmless by defendant's testimony that prosecutrix knew he was not divorced at the time she wrote him several letters.

**13. CRIMINAL LAW ☞763, 764(1)—INSTRUCTIONS—EFFECT OF EVIDENCE.**

Court should avoid instruction bordering on a charge on effect of evidence.

Appeal from City Court of Talladega; Marion H. Sims, Judge.

Rufus Jerome Barnett was convicted of an assault with intent to ravish a woman, and he appeals. Reversed and remanded.

The indictment was as follows, omitting formal charging parts: (1) Rufus Jerome Barnett, whose name is to the grand jury otherwise unknown, did assault Mary Ella Vinson, a woman, with the intent forcibly to ravish her. (2) Rufus Jerome Barnett, * * * with intent to assault a woman, with intent to ravish her, broke into and entered the dwelling house of E. J. Smith. The charges referred to in the opinion, necessary to be here stated, are as follows:

(5) If you believe that Mary Ella Vinson swore falsely as to a material fact in this case, then you may disregard her testimony in its entirety, and refuse to believe any part of it.

(24) If there is a reasonable doubt of the defendant's guilt, you must acquit him; and there may be a reasonable doubt of his guilt, although there is no probability of his innocence.

(50) If you believe from the evidence that the conduct of the prosecutrix prior to the time of the alleged assault was such as to create in the mind of the defendant a reasonable and honest belief, and did create such belief that she consented, or was willing for him to visit her in her home in the nighttime, and there have connection with her, you must acquit the defendant.

(49) In determining whether or not the defendant is guilty, you have a right to look at all the evidence bearing upon previous relation, if any, between defendant and the prosecutrix, and if you find from the evidence that such relation was intimate and clandestine, then you may consider the same in determining whether or not the defendant intended to employ force to overcome the will of the prosecutrix, and if, after considering all the evidence in the case, you have a reasonable doubt as to whether the de-

fendant did intend to employ force, it is your duty to acquit the defendant.

The excerpt from the oral charge, referred. to, is as follows:

If he touched the person in the manner detailed here, and in a rude manner, that would be an assault.

W. B. Harrison, of Talladega, for appellant. W. L. Martin, Atty. Gen., and Borden Burr, of Birmingham, for the State.

BROWN, P. J. [1, 2] The judgment sustaining the demurrer to the second count of the indictment eliminated this count, and if the indictment, before the demurrer was sustained, was subject to the vice of a misjoinder of offenses, effectually relieved it of this vice, and the evil consequences incident thereto, as clearly appears from the utterances in the following cases: James v. State, 104 Ala. 26, 16 South. 94; Stevens v. State, 156 Ala. 119, 47 South. 208. We approve the following utterances of the Supreme Court of North Dakota, speaking through Christianson, J.:

"A criminal trial is not a game of wits between opposing counsel, to be played according to certain technical rules, with the judge acting as umpire. It is a solemn judicial proceeding, to ascertain the guilt or innocence of a person accused of crime. Rules of criminal procedure were not formulated to enable criminals to escape punishment. They were formulated to aid the courts in properly dispensing justice in criminal causes. They are intended, on the one hand, to safeguard the rights of the accused, to the end that no innocent person may be convicted of crime, * * * and, on the other hand, to enable the state to bring those guilty of crime to the bar of justice. A person accused of crime is entitled to a fair trial in accordance with the principles enunciated in the Constitution and the laws of this state. This right is self-evident. But it is equally self-evident that civilized society, as now constituted, cannot long exist unless the state can enforce its laws against wrongdoers. The rules of criminal procedure should be construed to effect the purposes for which they were intended, and not to defeat them. The test is not whether certain legal formulas have been literally complied with, but whether anything has been done or left undone which prejudices the substantial rights of the accused. If a substantial right has been prejudiced, a new trial should be had. If not, it is equally the duty of an appellate court to affirm a conviction." State v. Webb, 36 N. D. 235, 162 N. W. 358.

The rulings of the court on the demurrer to the indictment are free from reversible error.

[3] Charge 5 was properly refused, as it does not hypothesize that the testimony of the witness was either willfully or corruptly false as to a material fact. Smith v. State, ante, p. 79, 75 South. 627; Burton's Case, 115 Ala. 1, 22 South. 585; Bouie v. State, 12 Ala. App. 33, 67 South. 619.

[4] Charge 3 is argumentative, and was well refused for that reason, and, besides, the principle which this charge undertakes to state was well stated in given charge 6.

[5] Given charge 21 and refused charge 18

are substantial duplicates, and it was not error to refuse the latter.

[6] Charge 24 was properly refused. "A reasonable doubt, not arising from the evidence, or not existing in the face of the whole evidence, is not a proper predicate for an acquittal." McClain v. State, 182 Ala. 67, 62 South. 241; Buckhanon v. State, 12 Ala. App. 36, 67 South. 718; Collins v. State, 14 Ala. App. 54, 70 South. 995.

[7] Charge 50 predicates the defendant's right to an acquittal on the absence of the intent to have sexual intercourse with the prosecutrix by force. The defendant was subject to a conviction for an assault, or assault and battery, under the indictment, and the charge was properly refused for this reason, if no other. Hutto v. State, 169 Ala. 19, 53 South. 809; Love v. State, ante, p. 44, 75 South. 189.

[8] Charge 49, besides being argumentative, unduly emphasizes "the evidence bearing upon the previous relation" between the defendant and the prosecutrix. Hardeman v. State, 14 Ala. App. 35, 70 South. 979; Herring v. State, 14 Ala. App. 93, 71 South. 974; W. U. T. Co. v. Baker, 14 Ala. App. 208, 69 South. 246; B. R., L. & P. Co. v. Donaldson, 14 Ala. App. 160, 68 South. 596.

[9, 10] It was permissible for the prosecutrix to testify to the marks left on her person when the defendant "grabbed her." The appellant insists in brief that:

"The court erred in allowing the witness Loyd Rainey to answer the question, 'You had heard rumors about the defendant claiming that he was at Dr. Conoway's house the night this happened?'"

The record shows that the question was asked by the defendant, and that the objection of the state was sustained, and properly so, because the question called for hearsay testimony.

[11] The opinion prevails, after full consideration of the question, that the court committed reversible error in allowing the state to show on cross-examination of the defendant that he had been twice married, and the homes of his wives. These facts were clearly immaterial and irrelevant. 1 Wharton's Cr. Law (11th Ed.) § 735; Jenkins v. State, 60 Tex. Cr. R. 236, 131 S. W. 542.

[12] This evidence had a tendency to engender prejudice against the defendant in the minds of the jury. Sims v. State, 146 Ala. 109, 41 South. 413. And the fact that defendant showed, on cross-examination of the prosecutrix, the relevant fact that she knew that defendant had not obtained a divorce from his wife at the time she wrote him the several letters offered in evidence did not render the error nonprejudicial.

[13] The excerpt of. the court's ex mero motu charge to which exception was reserved borders on a charge on the effect of the evidence, if in fact it is not such, in violation of the statute, and this expression should be

avoided on another trial. Jacobs v. State, 146 Ala. 107, 42 South. 70; Cole v. State, ante, p. 55, 75 South. 261; L. & N. R. R. Co. v. Godwin, 191 Ala. 498, 67 South. 675.

For the error pointed out, the judgment is reversed, and the case remanded.

Reversed and remanded.