(89 South. 899)

### AMERICAN TRUST & SAVINGS BANK v. MONTANO. (6 Div. 637.)

(Court of Appeals of Alabama. April 5, 1921. Rehearing Denied May 10, 1921.)

1. Evidence ⬅147, 376(1)—Testimony as to system of bookkeeping admissible to corroborate receiving teller as to deposits made on particular date.

In action against bank for deposits which bank denied having received, testimony as to system of bookkeeping used by bank in dealing with its customers on the days plaintiff claimed to have made the deposits was admissible, not to prove a negative, but in corroboration of the testimony of the receiving teller that no such deposits were in fact made.

2. Evidence ⬅155(8), 383(3)—When part of bank books are in evidence, bank can introduce other books; passbooks prima facie evidence of bank's obligations.

A passbook is a part of the books of the bank, and in hands of depositor is prima facie evidence of the bank's obligations as therein shown; and if the depositor, in a suit for deposits, is entitled to introduce in evidence that part of the bank's books showing his account, in his possession, the bank is entitled to introduce that part of its books relating to the account kept by it and in its possession.

___

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Witnesses ⊚═374(2)—Expressions of witness showing bias admissible.**

It is always competent to prove expressions used by a witness tending to show feeling or bias toward the party against whom he is testifying.

**4. Evidence ⊚═480, 568(3)—Witness held qualified to testify that entries were not in plaintiff's handwriting; weight of evidence being for jury.**

In action for deposits in which bank denied that plaintiff had made the deposits, and that the bank had made entries in plaintiff's passbook showing deposits, witness who testified to having seen plaintiff make figures and write handbills could give his opinion the two entries in the passbook were not in plaintiff's handwriting, the weight and sufficiency of such testimony being for the jury.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by John H. Montano against the American Trust & Savings Bank, to recover money alleged to have been deposited. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

Certiorari denied 206 Ala. 700, 89 South. 923.

The assignments of error are that the court erred in refusing to permit the defendant to show defendant's method of bookkeeping, as to how the entries were made, separate windows, and that the court erred in refusing to permit the defendant to introduce the ledger records of the John H. Montano account; also in overruling defendant's objection to certain questions asked the president of the bank, tending to show a threat of prosecution growing out of this affair.

C. C. Nesmith, of Birmingham, for appellant.

The defendant was entitled to show its system of bookkeeping, and also to introduce the ledger account as the proper preliminary proof was made.

Ritter & Wynn, of Birmingham, for appellee.

The insistence on error is not such as to invite consideration thereof. 13 Ala. App. 524, 69 South. 410; 192 Ala. 383, 68 South. 287; 17 Ala. App. 193, 84 South. 305; 203 Ala. 663, 84 South. 737. The account books were not admissible. Section 4003, Code 1907; 3 Ala. App. 567, 57 South. 1034; 203 Ala. 280, 82 South. 530. They are not admissible to establish a negative by showing the absence of affirmative entries. 162 Ky. 652, 172 S. W. 1051; 73 Vt. 49, 50 Atl. 557; 167 Mass. 183, 45 N. E. 84; 17 Cyc. 383.

SAMFORD, J. Plaintiff sued to recover the amount of two deposits aggregating $400, claimed by plaintiff to have been deposited in defendant's bank October 2d and October 8, 1916, which deposits appeared to have been entered in a passbook furnished to plaintiff by defendant in which plaintiff's dealings with the bank were shown from June, 1914, to February 8, 1917, the items in dispute appearing on the passbook as follows: "10/2 $100 and 10/8 $300." The plaintiff's evidence tended to show that he had made the deposit, and that the defendant had refused, after demand, to pay the amount. The testimony for the bank tended to show that the deposits were not made and that no person authorized by the bank to receive deposits had made the entries in the passbook.

The defendant offered to introduce the ledger sheets of the book of original entry of the bank purporting to show the items of debit and credit between plaintiff and defendant during a series of months, including the dates of the items sued on, and also offered to show the system of the bank in handling and dealing with deposits made by its customers.

[1, 2] The point of contact between a depositor and the bank is with the receiving teller, and when the issue is as to whether or not a deposit was made, evidence tending to prove or to disprove that fact is admissible. The books of a bank are the best evidence it has of the course of dealing between it and its customers, and, when properly identified and corroborated as required by statute, in a suit between the bank and a depositor involving deposits made and received, are admissible in evidence to show the course of dealing between the parties; and while its books are not admissible ordinarily merely to prove a negative, where the course of dealing is shown to be regular and in due course they may be admissible to show that no credit entries were made on the dates claimed, as corroborating other testimony to that effect. Moreover the passbook of a bank is a part of the books of the bank, used in recording the items of deposit as between itself and its customer. This passbook in the hands of the customer is prima facie evidence of the bank's obligation as therein shown. If, then, the customer, in a suit against the bank, is entitled to introduce in evidence that part of the bank's books showing the account in his possession, the bank is entitled to introduce that part of its books relating to the account kept by it and in its possession.

The system of bookkeeping used by the bank in its dealing with its customers on the days the plaintiff claims to have made the two deposits of $100 and $300 was admissible in evidence, not to prove a negative, but in

corroboration of the testimony of the receiving teller that no such deposits were in fact made, and if this system disclosed such checks and balances as would have rendered the deposits claimed by plaintiff impossible or improbable, the transactions of the bank on those days, when properly identified by the various officers and bookkeepers of the bank, should have been admitted in substantiation of the testimony of the receiving teller that no such deposits were so made. In a case similar to the one at bar Mr. Justice Evans, speaking for the Supreme Court of Iowa, said:

"The defendant by its witnesses had a right to explain its method of business at that time, its method of bookkeeping, its blank forms, its plan of checks and balances, its consecutive numbering of its blank certificates of deposit before using the same, its 'proof book,' and whatever else entered into its method of business, so far as the receiving of moneys was concerned. If the system disclosed by it was such that a mistake could not be made without its appearing later in some of the checks, balances, or proof book, it was a proper fact for the consideration of the jury as tending to show affirmatively, in some degree at least, that no deposit was made on the date named, except such as appeared upon the books." Wagner v. Valley National Bank (Iowa) 118 N. W. 523.

The same rule is substantially announced in American Surety Co. v. Pauly, 72 Fed. 470–478, 18 C. C. A. 644; Ellsworth Coal Co. v. Quade, 28 Mo. App. 421. If not entirely analogous, the same principle is recognized in Shirley v. So. Ry. Co., 198 Ala. 102, 73 South. 430.

[3] It is always competent to prove expressions used by a witness tending to show feeling or bias towards the party against whom he is testifying.

[4] The witness Morris, having testified, "I have seen him [plaintiff] making figures as well as writing bill heads there at the store from time to time," was qualified to testify that in his opinion the two entries in plaintiff's passbook, to wit, "10/2 $100 and 10/8 $300," were not in the handwriting of plaintiff. Moon Adm'r v. Crowder, 72 Ala. 79; Helms v. State, 91 Ala. 99, 9 South. 193; Land Mtg. Ins. & Agcy. v. Preston, 119 Ala. 290, 24 South. 707; Richardson v. Stringfellow, 100 Ala. 416, 14 South. 283; Karr v. State, 106 Ala. 1, 17 South. 328; Strong v. Brewer, 17 Ala. 706. In all of the above cases such testimony is more or less discredited, but the question as to its weight and sufficiency is left for the jury to determine.

The rulings of the trial court were not in accord with the foregoing opinion, and for the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.

---

* ⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes