## PATE v. STATE.    (6 Div. 370.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

1. Criminal law ⬥871(1, 2)—Verdict may not be written nor signed by foreman.

It is not essential to a verdict in a criminal case that it should be written, and the jury may announce it to the court ore tenus, or upon paper, and if, in writing, it is not necessary that it be signed by a member of the jury as foreman.

2. Criminal law ⬥995(2)—What a sufficient recital of verdict in judgment in misdemeanor prosecutions stated.

It is not essential to the validity of a judgment that the verdict of the jury be set out therein, and in misdemeanor prosecutions it is sufficient to set out that a verdict was rendered by the jury convicting defendant of the offense charged in the complaint, and assessing a fine, and that defendant was adjudged guilty by the court, as found by the jury.

3. Courts ⬥113—No prescribed form in which minute entries of court are required to be made.

There is no prescribed form in which the minute entries of the court are required to be made; they should show substantially that all was done in the trial that the law requires, and this should be set out in fit and expressive words.

4. Criminal law ⬥785(15)—Error to refuse to charge that evidence of witness may be rejected if he willfully swears falsely to material fact.

If a witness in a criminal prosecution either willfully or corruptly swears falsely to a material fact, his evidence may be rejected, and it is error to refuse to so charge.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Lum Pate was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Gray & Powell, of Jasper, for appellant.

It was error to refuse to charge the jury, at defendant's request, that they might disregard the testimony of any witness whom they believed had sworn falsely. Venable v. Venable, 165 Ala. 621, 51 South. 833.

---

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. Defendant was tried and convicted in the county court for having in his possession prohibited liquors. On appeal to the circuit court the solicitor filed a complaint or information charging that defendant had in his possession prohibited liquors or beverages. The motion to quash and the demurrer to the complaint were properly overruled.

[1] It is not essential to a verdict that it should be written. The jury may announce it to the court ore tenus, or upon paper. If in writing, it is not necessary to its validity that it be signed by a member of the jury as foreman. The jury conveyed to the court in unequivocal terms that their verdict was guilty, as charged in the complaint, and that the fine was fixed at $50. The verdict was sufficient upon which to base the judgment of conviction and the sentence. State v. Underwood, 2 Ala. 744.

[2, 3] It is not essential to the validity of a judgment that the verdict of the jury be set out therein. In misdemeanor prosecutions, it is sufficient to set out in the judgment that a verdict was rendered by the jury, convicting the defendant of the offense charged in the complaint, and assessing a fine, and that the defendant was adjudged guilty by the court, as found by the jury. Driggers v. State, 123 Ala. 48, 26 South. 512. There is no prescribed form in which the minute entries of the court are required to be made. They should show substantially that all was done on the trial that the law requires, and this should be set out in fit and expressive words. Crist v. State, 21 Ala. 137.

The court did not err in refusing charge No. 1, the affirmative charge for the defendant. There was a conflict in the evidence, and there was sufficient evidence to submit to the jury the question of the guilt vel non of the defendant.

The court erred in refusing to the defendant the following charge, requested in writing:

"I charge you, gentlemen of the jury, that, if you believe from the evidence that any witness knowingly and willfully swore falsely to any material fact in this case, you may disregard his testimony."

[4] If a witness either willfully or corruptly swore falsely to a material fact, his evidence may be rejected. Venable v. Venable, 165 Ala. 621, 51 South. 833; Robinson v. State, 18 Ala. App. 612, 93 South. 262; Barnett v. State, 79 South. 675;[1] Burton v. State, 115 Ala. 1, 22 South. 585; Bouie v. State, 12 Ala. App. 33, 67 South. 619.

For the error indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.