# Montgomery v. The State.

*Robbery.*

(Decided June 1, 1910.    Rehearing denied Dec. 22, 1910.
53 South. 991.

1. *Robbery; Indictment; Description of Property.*—Where count 1 described the money as one-half dollar, one quarter dollar and four dimes in silver, coinage of the U. S. A., and the other count described it as the current silver coin of the realm of the value of one dollar and fifteen cents, the money was sufficiently described.

[Montgomery v. The State.]

2. *Same.*—Where it appeared that the money alleged to have been taken belonged to the father, who had sent his minor son to collect it and bring it to him, it was sufficient to charge it as the property of the minor, since robbery is an offense against both the person and the property.

3. *Same; Evidence.*—Where the indictment charged the robbing of a minor, there was not a material variance from the fact that the proof showed that the title to the property was in the father of the minor alleged to have been robbed.

4. *Same.*—It was competent for the person robbed to testify that he could not see a companion from the place where the robbery was committed, as it tended to describe the scene of the crime, and also tended to show that the boy was alone.

5. *Same.*—It was competent to permit testimony of a witness that he saw some negroes on the roadside on the day and near the time of the robbery and that the defendant was one of them.

6. *Same.*—Where counsel stated that the purpose of the question was not to show an alibi but simply to show that defendant came to a certain place on a visit, and did not come for the purpose of robbery, but merely as a visitor, the court did not err in sustaining objection to a question to a witness for the defendant "did or did not the accused visit you about July 9th, and if so, how long did he remain in A.?"

7. *Same.*—In a prosecution for robbery it was immaterial whether the boy alleged to have been robbed had been emancipated by his father before the time of the robbery, or that the property taken belonged to him by gift, devise, etc.

8. *Witnesses; Corroboration.*—Where the evidence tended to corroborate the evidence of the boy, it was not error for a witness to be permitted to state that he had seen the boy alleged to have been robbed on the day of the robbery, and where he had seen him.

9. *Same.*—It was competent for one who had accompanied the boy alleged to have been robbed, but who had stopped before the robbery, to testify where he stopped, and that from that place he could not see the place where the boy was robbed as tending to corroborate the testimony of the person alleged to have been robbed.

10. *Accomplices; Evidence.*—Where one encourages or procures or is instrumental in causing a robbery to be committed, he is equally guilty although he did not participate in the crime.

11. *Charge of Court; Directing Verdict.*—Where there is evidence sufficient to support a conviction, the court cannot properly direct a verdict for the defendant.

12. *Same; Invading Province of Jury.*—Where there are two conflicting theories in the case, the court cannot instruct as to which of the theories should be adopted without being guilty of invading the province of the jury.

13. *Same; Argumentative.*—Charges asserting that the jury should not convict unless each juror is so convinced of the guilt of the defendant as that he would act upon it in matters of the highest concern and importance in his own affairs, etc., are properly refused as argumentative.

[Montgomery v. The State.]

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN.

I. L. Montgomery was convicted of robbery, and he appeals. Affirmed.

The following charges were refused to the defendant: (5) "If, after considering all the evidence in this case, you are doubtful from any part of it that the defendant did actually participate in the crime charged, it will be your duty to acquit him." (7) "The court charges the jury that if two reasonable constructions can be given to the facts proven in this case, one favorable to the defendant and the other unfavorable, it will be the duty of the jury to give to the evidence that construction which is favorable to the defendant." Charge 9, 10, and 11 were the affirmative charges as to counts 1, 2, and 3. (19) "I charge you, gentlemen of the jury, that if you find from the evidence that Wallace Aderhold was at the time of the robbery under the age of 21 years, and that he lived with and was maintained and supported by his father, and had not then been emancipated, and that the money taken from him did not belong to him by gift, or devise, or descent, you must find the defendant not guilty." (16) "I charge you, gentlemen of the jury, that before you can find the defendant guilty you must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsitent with every other reasonable conclusion, and that, unless you are so convinced by the evidence of the guilt of the defendant that you would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then you must find the defendant not guilty."

R. L. WILLIAMS, and S. D. MURPHY, for appellant. The description of the money is insufficient.—*Thomas*

*v. The State*, 117 Ala. 84; *Rowland v. The State*, 140 Ala. 142; *Bardell v. The State*, 144 Ala. 54; *Hamilton v. The State*, 147 Ala. 110; 34 Cyc. 1804; 12 Cent. Dig. 2710. Charge 5 should have been given, as doubt means uncertainty.—14 Cyc. 869; 2 Cent. Dict. 1745. Charge 7 should have been given.—*Compton v. The State*, 110 Ala. 24; 12 Cyc. 587. Charge 19 should have been given.—34 Cyc. 1802; *Haygood v. The State*, 59 Ala. 49; *State v. Lawler*, 32 S. W. 981. There is nothing to show a common intent on the part of the accused and the co-defendant, and hence, defendant was entitled to the affirmative charge.—*State v. Talley*, 102 Ala. 25; *State v. Ferguson*, 134 Ala. 63. There is a variance between the allegation and the proof, and the affirmative charge should have been given on that account.— *Morris v. The State*, 97 Ala. 82; *Gilmore v. The State*, 99 Ala. 154; *Stone v. The State*, 115 Ala. 121.

ALEXANDER M. GARBER, Attorney General, for the State. The indictment was sufficient both as to the description of the person and the property.—*Grant v. The State*, 55 Ala. 201; *Chisolm v. The State*, 45 Ala. 6; *Leonard v. The State*, 115 Ala. 80. Counsel discusses the exceptions as to evidence, but without citation of authority. Charge 7 was well refused.—*Mitchell v. The State*, 94 Ala. 68. Charge 19 was properly refused. —*Dorsey v. The State*, 134 Ala. 553. Charge 16 was properly refused.—*Amos v. The State*, 123 Ala. 54; *Rogers v. The State*, 117 Ala. 9. There was evidence authorizing a conviction and the affirmative charges were properly refused.

MAYFIELD, J.—The defendant was indicted, jointly with one James Davis, for robbery of one Wallace Aderhold. The money taken was described in counts

1 and 2 as "one half dollar, one quarter dollar, and four dimes, in silver coinage of the U. S. A." The third count, instead of describing the money as "silver coinage of the U. S. A.," described it as "the silver coin of the realm, of the value of one dollar and fifteen cents." The property, being money, was sufficiently described in each count of the indictment, and the indictment was, therefore, not subject to demurrer upon this ground.—*Nevill's Case,* 133 Ala. 99, 32 South. 596; *Grant v. State,* 55 Ala. 201.

Robbery is an offense against the person as well as against the property of the person robbed. The person robbed in this case being rightfully in possession of the money when it was taken (having been sent by his father to collect and bring the money to him), and he being the person from whom it was taken, the indictment properly charged the property to be that of the minor. Nor does it constitute a material variance, such as to prevent a conviction, if the proof shows or tends to show that the legal title to the property was in the father of the minor robbed.—*Danzey v. State,* 126 Ala. 15, 28 South. 697; *Dorsey v. State,* 134 Ala. 553, 33 South. 350. The child in this case being in the undisputed possession and control of the property, he had such an interest in and right to it as to support a conviction, though the legal title was in the father.—*People v. Nelson,* 56 Cal. 82.

The court did not err in allowing the boy alleged to have been robbed to testify that he could not see Miller Draper from the place of the robbery. This evidence was admissible as describing the scene of the crime, and as tending to show that the boy was alone, and not accompanied at the time by Miller Draper, who had left Anniston with him.

The court did not err in allowing George Bryant, a witness for the state, to testify that he had seen Wallace Aderhold, the boy robbed, on the day of the alleged robbery, nor in allowing him to testify when and where he saw him, as it tended to corroborate the evidence of the boy, and to show his presence at the time and place at which he claims to have been robbed. Nor was there error in allowing the same witness to testify that he saw some "darkies" in the bushes on the roadside on the same occasion, and that accused was one of them. Such evidence was clearly competent and relevant. It was likewise competent for Miller Draper to testify that he could not see the place where Wallace was robbed from where he stopped, and for this purpose to testify where he stopped, as it tended to corroborate Wallace, and as it appeared that this witness had left town with Wallace, and had accompanied him to a point near where the robbery took place, but that he was not within sight of him at the time.

We can see no possible relevancy (except to show an alibi) of the evidence sought to be elicited by the questions propounded by the defendant to Ellaline Green, "Did or did not the accused visit you about July 9th; and, if so, how long did he remain in Anniston." Counsel stated that this evidence was not for the purpose of showing an alibi, but that it was for the purpose of showing that the accused came to Anniston on a visit to his aunt; that he did not come for the purpose of robbery, and was merely "knocking about" Anniston as a visitor. No proper answer to these questions would have proved or tended to prove this conclusion as to the purpose for which the accused was at Anniston. The court, therefore, properly declined to allow such testimony for such purpose.

It was competent for the state to prove that the accused, when arrested, had one shoe, and the boy Davis another, constituting a pair, which the · accused and Davis were shown to have had in their possession shortly before the robbery.

Charge 5 was properly refused. It was not necessary to the defendant's guilt, as the charge implies, that he actually participated in the crime. If he encouraged or procured, or was instrumental in causing, the crime to be committed, he would be guilty, though he did not actually participate in the crime.

Charge 7 has been repeatedly condemned in this court, upon the ground that it is improper for the court to instruct the jury as to which of two conflicting theories they should adopt; it being an invasion of their province.

Charges 9, 10, and 11 were the general affirmative charges, and were properly refused upon the evidence in this case, which was ample to support a conviction

Charge 19 was properly refused, as under the evidence in the case it was immaterial whether the boy had been emancipated by his father before the time of the robbery, or that the property taken belonged to him by gift, devise, etc.

Charge 16 required that the jury should not convict unless each juror was so convinced of the guilt of the defendant that he would act upon that decision in a matter of the highest concern and importance in his own interests, etc. Charges like this at one time were held proper by this court; but the later decisions have held that such charges are properly refused, because argumentative.—*Amos v. State,* 123 Ala. 50, 26 South. 524; *Rogers v. State,* 117 Ala. 9, 22 South. 666.

Finding no error, the judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.