# Wilson, alias, *v.* The State.

## *Larceny.*

(Decided February 11, 1913.  61 South. 471.)

1. *Charge of Court; Covered by Those Given.*—Where two charges are identical in language, except that in one, the word "reasonable" is used, and in the other it was omitted, the giving of one is sufficient, and the refusal of the other will not constitute error.

2. *Same; Weight of Evidence.*—A charge asserting that circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence, and that the jury should be so convinced by it that each would be willing to act on the decision in matters of highest concern to themselves, was properly refused.

3. *Appeal and Error; Record; Review.*—While the court cannot review charges set out in the bill of exceptions, yet for the purpose of determining whether they substantially cover charges refused, the court can look to charges set out in the record proper, although

[Wilson, alias, v. The State.]

not contained in the bill of exceptions, as section 5364 makes all charges a part of the record, when given.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Tom Wilson, alias Pepper Dick, was convicted of larceny, and appeals. Affirmed.

The third charge referred to is as follows: "Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence, and the jury should be so convinced by it that each would be willing to act on the decision in matters of the highest concern to themselves."

Charge 2 given and charge 2 refused were as follows: "No matter how strong the circumstances, if they can be reconciled with the theory that one other than the accused committed the crime, he should be acquitted" —except that charge 2 given inserted the word "reasonably" before "reconciled."

JACKSON & DELONEY, for appellant. Charge 2 should have been given.—*Pickens v. The State,* 115 Ala. 42; *Gilmore v. The State,* 99 Ala. 154; *Salm v. The State,* 89 Ala. 56. So should charge 3.—*Barton v. The State,* 107 Ala. 109; *Brown v. The State,* 108 Ala. 18; *Pickens v. The State, supra.* There are no charges set out in the bill of exceptions other than the ones excepted to, and the court cannot look to the record in determining whether these charges were covered by requested charges given for the purpose of review.—*Milner C. & R. R. Co. v. Wiggins,* 143 Ala. 132; *Ala. C. Co. v. Wagnon Bros.,* 137 Ala. 388; *So. Ry. v. Jones,* 132 Ala. 437; *Nichols v. The State,* 109 Ala. 2.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was tried and convicted of larceny. The evidence against him was entirely circumstantial, and he requested, in writing, three charges, which were refused. The first was the general affirmative charge, and, as there was evidence upon which the jury would have been authorized to find him guilty, it was properly refused. The second is almost a literal duplicate of, and embodies the same proposition as is contained in, written charge 2, given at his request.—*Pickens v. State,* 115 Ala. 42, 22 South. 551. It is true, as contended by appellant's counsel, that the given charges are not set out in the bill of exceptions, and that we cannot review charges not shown in the bill of exceptions; yet they are set out in the record proper, and counsel evidently overlooked the fact that our last Code (section 5364) makes all given charges a part of the record. We can look to these, for the purpose of sustaining the action of the lower court, to see if any of them are duplicates of, or cover substantially the propositions embodied in, the refused charges assigned as error.—*Choate v. Ala. G. So. Ry. Co.,* 170 Ala. 593, 54 South. 507.

The third charge requested by defendant was properly refused for reasons pointed out in the following cases: *Thomas v. State,* 106 Ala. 19, 17 South. 460; *Phillips v. State,* 162 Ala. 14, 50 South. 194; *Montgomery v. State,* 169 Ala. 12, 53 South. 991.

The jury were instructed with utmost favor to the defendant in written charges, given at his request, on every theory and phase of the evidence. We are of opinion that he had a fair trial according to law, though we have discussed only the alleged errors urged in the brief of appellant's counsel.

The judgment of conviction is affirmed.

Affirmed.