# Collins *v.* The State.

### Larceny.

(Decided January 20, 1916.   70 South. 995.)

1. **Larceny; From Person; Indictment.**—An indictment for larceny from the person which describes the property taken as one ten dollar bill of the paper currency of the United States of America, and one five dollar bill of the paper currency of the United States of America, and one five cent piece of the nickel coinage of the United States of America, is sufficient to put defendant on notice of the nature and cause of the accusation.

2. **Evidence; Judicial Notice; Currency.**—Courts take judicial notice of the circulating medium, the popular language with reference to it, and its value, as a historical fact.

3. **Bills of Exceptions; Impeaching; Extraneous Proof.**—Where a bill of exceptions is presented to the trial judge within the statutory period, and is signed within the statutory period, both of which facts appear on the face of the record, it is a part of the record and being certified, imports absolute verity, and cannot be impeached by extraneous proofs, such as an affidavit.

4. **Same; Correction.**—If the bill of exceptions was not in fact presented within the time allowed, the fact that it is signed, does not make it a part of the record, and it may be stricken on proper motion.

5. **Same.**—Where the bill of exceptions as allowed and signed by the trial judge, is incorrect, the remedy is to reject the bill and proceed by motion in the appellate court to estabilsh a correct one.

6. **Charge of Court; Covered by Those Given.**—It is not error to refuse instructions substantially covered by written instructions given.

7. **Same; Alibi.**—An instruction as to the defense of alibi which fails to state the elements constituting an alibi, but which refers that question of law to the jury, is properly refused.

8. **Same; Reasonable Doubt.**—A reasonable doubt must arise out of the evidence after a consideration of all the evidence.

9. **Same; Argumentative.**—It is not error to refuse charges which are mere arguments stating no proposition of law.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Andrew Collins was convicted of larceny from the person of Joseph Catringris, and he appeals. Affirmed.

The demurrers raise the question as to the proper description of the money alleged to have been stolen, a description of which appears from the opinion. The following charges were

[Collins v. The State.]

refused to defendant: (2) If defendant has proved an alibi, you should acquit him.

(8) If a reasonable doubt of the guilt of defendant exists in the mind of any juror on the panel, there can be no conviction of the defendant.

(5) The court instructs the jury that the law presumes that every man walks uprightly and in the paths of rectitude and right living, whether he be of high or low estate, and it is the humane policy of the law that no man may be convicted of crime if there be a reasonable doubt of his guilt after a fair trial, and you should apply these principles to the case on trial.

R. L. WILLIAMS, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, for the State.

BROWN, J.— (1, 2) The indictment describes the property taken from the person of the state's witness, Catringris, as "one $10 bill of the paper currency of the United States of America, and one $5 bill of the paper currency of the United States of America, and one five-cent piece of the nickel coin of the United States of America," and was sufficient to put the defendant on notice of the nature and cause of the accusation he was required to meet.—*Turner v. State,* 124 Ala. 59, 27 South. 272; *Thomas v. State,* 117 Ala. 84, 23 South. 659; *Gady v. State,* 83 Ala. 53, 3 South. 429; *Duvall v. State,* 63 Ala. 12; *Grant v. State,* 55 Ala. 201; *Montgomery v. State,* 169 Ala. 12, 53 South. 991. "Courts will notice as a historical fact of great notoriety and importance the nature of the circulating medium at a particular time, the popular language in reference to it, and its value."—*Barddell v. State,* 144 Ala. 54, 39 South. 975. The demurrer to the indictment was properly overruled.

(3) The appellant submits along with his brief an affidavit for the purpose of impeaching the correctness of the bill of exceptions as certified in the record; but this affidavit cannot be considered by the court for the following reasons: When a bill of exceptions is presented to the trial judge within the time allowed by the statute, and this fact appears on the face of the record, as in this case, and the bill is signed by the judge within the time allowed by the statute for signing, and this fact likewise appears on the face of the record, it is a part of the rec-

ord; and the record, as certified, imports absolute verity, and cannot be impeached by extraneous proof.—*Edinburgh-American Land Mortgage Co. v. Canterbury,* 169 Ala. 444, 53 South. 823.

(4) If the bill, in fact, was not presented within the time allowed, the signing of it does not make it a part of the record, and on proper motion it may be stricken.—*Leeth v. Kornman, Sawyer & Co.,* 2 Ala. App. 312, 56 South. 757; *Rainey v. Ridgeway et al.,* 151 Ala. 532, 43 South. 843.

(5) Where a bill is allowed and signed by the trial judge, and, as allowed, is not correct, the appellant's remedy is to reject the bill as signed and proceed by motion in the appellate court to establish a correct one.—*Hughes v. Albertville Mercantile Co.,* 173 Ala. 559, 56 South. 120.

(6, 7) The proposition of law embodied in charge 2 was given to the jury in charges 16 and 17, and its refusal is not reversible error.—*Wilson v. State,* 7 Ala. App. 134, 61 South. 471. The charge was well refused for the reason that it does not instruct the jury as to the elements constituting an alibi, but refers this question of law to the jury.—*Gilmore v. State,* 126 Ala. 30, 28 South. 673.

(8) A reasonable doubt, to prevent a conviction, must arise out of the evidence after a consideration of the evidence. Charge 8 ignores this rule of law, and was properly refused. Furthermore, charge 10, given at the defendant's request, was a substantial duplicate of this charge, and charge 8 was well refused for this reason.

(9) Charge 5 was argumentative, and its refusal was not error.—*Montgomery v. State,* 169 Ala. 18, 53 South. 991; *Griffin v. State,* 165 Ala. 48, 50 South. 962.

We find no error in the record, and the judgment is affirmed.

Affirmed.