### 9740. GRIGG v. THE STATE.

BROYLES, P. J. 1. The 1st, 2d, 3d and 4th grounds of the amendment to the motion for a new trial, being expressly disapproved by the trial judge, can not be considered.

2. Where, in the presence of jurors selected and empanelled in the trial of a criminal case, the judge makes remarks to counsel which are of such a character as to prejudice the minds of the jurors against the defendant, a motion for a mistrial should be made; and upon the judge's refusal to grant the motion, his ruling would be subject to review. If no such motion is made and the trial proceeds without objection, counsel can not, after verdict, raise in a motion for a new trial the question as to the prejudicial nature of the remarks complained of. Perdue v. State, 135 Ga. 277 (69 S. E. 184); Stapleton v. State, 19 Ga. App. 36 (13), 38 (90 S. E. 1029). Under this ruling the 5th ground of the amendment to the motion for a new trial is without merit.

3. In the instructions excepted to there is no material error, when they are considered in the light of the entire charge of the court and of the facts of the case.

4. In the absence of a timely written request for more specific instructions on theories of the defense elaborated in the 8th ground of the amendment to the motion for a new trial, the court did not err in failing to give such instructions to the jury.

5. The plaintiff in error must affirmatively show error. The fact that after the trial and on the same or the next day one of the jurors, when called as a juror in another case, asked the court to excuse him from further service, stating that he was too hard of hearing to understand the evidence in a case, and the fact that the court thereupon excused him from further jury service, do not affirmatively show that he did not hear and understand the evidence in the instant case. The court did not err in overruling the ground of the motion for a new trial based upon these facts.

6. The conviction of the defendant was authorized by the evidence and has been approved by the trial judge.

         Judgment affirmed. Bloodworth and Harwell, JJ., concur.

            DECIDED OCTOBER 9, 1918.

Indictment for misdemeanor; from Ben Hill superior court—Judge Crum. March 30, 1918.

O. H. Elkins, J. H. Dodgen, for plaintiff in error.

J. B. Wall, solicitor-general, Jesse Grantham, contra.