(89 South. 864)

### JAMES v. STATE.  (7 Div. 643.)

(Court of Appeals of Alabama.  June 30, 1921.)

**1. Indictment and information ⬅➡133(3)—Indictment cannot be attacked on ground that grand juror was not properly drawn by motion to quash.**

Under Acts (Sp. Sess.) 1909, p. 315, § 23, an indictment cannot be attacked on ground that one of the grand jurors was not properly drawn by motion to quash; the proper remedy being a plea in abatement.

**2. Criminal law ⬅➡1163(1)—Appellant must affirmatively show error to have been prejudicial.**

The appellant to obtain reversal must affirmatively show prejudicial error.

**3. Criminal law ⬅➡1144(17)—All reasonable presumption indulged in favor of the correctness of judgment.**

All reasonable presumption will be indulged in favor of the correctness of the judgment of the primary court.

**4. Criminal law ⬅➡1144(17)—Plea in abatement presumed not to have been filed within required time in view of recital in judgment in absence of showing to the contrary.**

Where it affirmatively appears from the judgment entry that the plea in abatement was not filed within the time required by Acts (Sp. Sess.) 1909, p. 315, § 23, it will be presumed on appeal in favor of the correctness of the judgment, in absence of a showing to the contrary that the plea was not filed within the required time.

**5. Criminal law ⬅➡815(9)—Instruction as to what jurors were required to believe in order to convict defendant held properly refused.**

In prosecution for violation of the prohibition law, refusal to charge jury that, in order to convict defendant, jurors "must believe, not only that he was present at the still, but that he was interested in or assisted in operating" it, *held* proper, in view of failure to require jurors' belief to be predicated upon the evidence in the case, and the failure to require the belief to be beyond a reasonable doubt.

**6. Intoxicating liquors ⬅➡238(2)—Whether defendant was guilty of operating still held for jury.**

In prosecution under indictment that defendant "manufactured, sold, offered for sale,

kept or had in his possession for sale, prohibited liquors," in which was claimed that defendant was guilty of operating a still and in which defendant claimed an alibi, evidence *held* sufficient for submission of case for jury.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Reedy James was convicted of violating the prohibition law, and he appeals. Affirmed.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

Counsel rely upon the following authorities to show error in the action of the court relative to the pleadings, the reception of and objection to evidence, and the court's action on the charges. Section 4445, Code 1886; Acts 1909, p. 315; 89 Ala. 40, 8 South. 78; 154 Ala. 44, 45 South. 666; 152 Ala. 1, 44 South. 587; 172 Ala. 391, 56 South. 232; 8 Ala. App. 374, 62 South. 318.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Appellant was indicted at the July term, 1918, of the circuit court of Talladega county, in which it was charged that he "manufactured, sold, offered for sale, kept or had in his possession for sale, prohibited liquors and beverages, contrary to law."

When this case was finally called for trial in said court on, to wit, November 26, 1919, the defendant filed a motion to quash the indictment on the grounds that one of the grand jurors who served thereon was not selected or drawn as a grand juror by the officer whose duty it was to select grand jurors for said term of court, etc.

[1] This motion was stricken by the court upon motion of the state, and in this ruling the court was not in error, as under the express provision of the statute, Acts 1909 (Sp. Sess.) p. 315, § 23, no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to an indictment, except by plea in abatement to the indictment, etc. The motion to quash therefore was properly stricken, there being no authority under the statute to attack the indictment in this manner.

This statute, supra, does provide, however, that an objection can be taken to an indictment by a plea in abatement if said plea be predicated upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same.

After the motion to quash had been stricken, the defendant thereupon filed a plea in abatement, as follows:

"Comes the defendant in the above-entitled cause, and for plea in abatement to said indictment separately and severally says:

"(1) That the indictment in this case is void for that one S. M. Vickers, who sat upon the grand jury which found this indictment, was not drawn and summoned as a grand juror.

"(2) For that the indictment in this case is void and illegal for that one S. M. Vickers acted as a grand juror at the time said indictment was found and participated in the proceedings of said grand jury in finding said indictment, and that said S. M. Vickers was not selected or drawn as a grand juror by the officers whose duty it was to select grand jurors for said term of the court, nor was said S. M. Vickers placed or drawn on said grand jury to supply a deficiency in the number of said grand jury or in any other manner whatever.

"(3) For that the indictment in this case is illegal and void, for that one S. M. Vickers was improperly added to said grand jury as a member thereof and served on said grand jury which found this indictment.

"Knox, Acker, Dixon & Sims,
"Attorneys for the Defendant.

"The defendant in this cause being duly sworn says on oath that the facts therein stated are true to the best of his knowledge, information and belief. M. R. James.

"Subscribed and sworn to before me. this the 26th day of Nov., 1919.

"Frank Lanier, Clerk."

This was a good plea in form and substance and followed the statute; that is to say, it was a good plea and available, provided it was filed in time. This same statute, supra, further provides that "any plea in abatement to an indictment must be filed at the first term at which it is practicable after the defendant has been arrested," and in all cases before the plea to the merits.

It follows therefore that this question is presented: Was the defendant's plea in abatement filed in time, or did it come too late to meet the requirements of the statute?

The indictment was returned into court and duly filed on December 5, 1918. There is nothing in the record to show when the defendant was arrested, and the only information on the question as to whether or not this plea was filed in time is contained in the judgment recited, which says:

"And this cause being now submitted to the court upon the motion of the state to strike defendant's plea in abatement, it is considered, ordered and adjudged by the court that said motion be and the same is hereby granted on the ground that said plea was not filed within the time required by law."

[2-4] There are two well-settled rules which in our opinion are determinative of this question. The first is that the burden is upon the appellant to affirmatively show prejudicial error in order to obtain a reversal. Mich. Dig. Ala. Rep. vol. 1, p. 503. And the other rule is that all reasonable presumptions will be indulged in favor of the correctness of the judgment of the primary court, and that error must affirmatively be shown. Cases cited on page 503, vol. 1, Ency. Dig.

of Ala. Reports. It affirmatively appearing from the judgment entry that the plea in abatement filed by the defendant was not filed within the time required by law, and there being nothing in this record to the contrary, it must follow that the insistence of the appellant in this connection cannot be sustained, and that the burden which rests upon appellant to show error has not been met. If as a matter of fact this plea was filed at the first term of the court at which it was practicable to file same after the defendant had been arrested, this should affirmatively appear by the record; but it does not so appear, and a submission of this cause was had, and with the record in this condition we are therefore without authority to place the court in error for striking defendant's plea.

[5] Charge 8 refused to defendant was as follows:

"The court charges the jury that before they can convict the defendant in this case they must believe, not only that he was present at the still, but that he was interested in or assisted in operating it."

This charge was properly refused for two reasons. The belief of the jury must be predicated or based upon the evidence in the case, which this charge pretermits. And the measure of proof is not only to believe (as here stated), but the jury must so believe beyond a reasonable doubt. Collins v. State, 14 Ala. App. 54, 70 South. 995; McClain v. State, 182 Ala. 67, 62 South. 241; Barnett v. State, 16 Ala. App. 539, 79 South. 675.

[6] Charge 1, the affirmative charge, was refused to defendant. This charge was properly refused. The evidence disclosed without dispute that the still and a large quantity of whisky was found by the officers in the middle of the night on the Curry station farm, which farm was rented by the defendant and in his possession and control at that time; that he cultivated said farm during the year in question; and there was also evidence of several witnesses that at the time the still was raided in the middle of the night the defendant was present, and when the officers' presence was made known and they rushed in the swamp to where the still was located, the defendant was hidden behind a log at the still; and that when the officers flashed their lights upon him he (defendant) got up and ran out of the swamp. And while the question of the presence of the defendant at the still at that time was in dispute, there was no uncertainty whatever in the testimony of the state's witnesses that they saw him there and saw him run away and that in their identification of him there was no uncertainty whatever; each of them testifying positively as to his identity. There was also testimony that some of the

farm hands of defendant hauled a load of wood to this still with defendant's own team the day before the still was located, and the record contained other evidence of an incriminating nature against the defendant. The defendant as a defense set up an alibi and strenuously insisted that he was not present at the still as testified to by the state's witnesses, and he offered much testimony to corroborate him in this insistence. This conflict in the testimony presented a jury question, and therefore the defendant was not entitled to the affirmative charge, as there was ample evidence, as shown above, upon which to predicate the verdict of guilt and to sustain the judgment of conviction based on the verdict of the jury.

No error appearing, the judgment of the circuit court is affirmed.

Affirmed.