### 12542. HOWARD *v.* THE STATE.

BROYLES, C. J. 1. The alleged newly discovered evidence is not of such a character as would probably produce a different verdict upon another trial of the case. Furthermore, it appears from all the facts of the case, as disclosed by the record, that this evidence could have been secured before the case was submitted to the jury, by the exercise of due diligence on the part of the accused and her counsel.

2. Conceding, but not deciding, that the remarks of the court, addressed to the defendant while she was making her statement to the jury, tended to prejudice the jury against the accused, such remarks cannot be made a ground of a motion for a new trial. A motion for a mistrial should have been made, and if the judge had overruled the motion, that ruling would have been subject to review. *Grigg* v. *State*, 22 *Ga. App.* 637 (2) (96 S. E. 1049), and citations.

3. The issues in the case were clearly and fairly presented to the jury by the charge of the court, and the verdict being authorized by the evi-

dence and approved by the trial judge, this court is without authority to interfere. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1921.

Conviction of shooting at another; from Muscogee superior court — Judge Humphries presiding. May 16, 1921.

Application for certiorari was denied by the Supreme Court.

*T. T. Miller,* for plaintiff in error.

*C. F. McLaughlin,* solicitor-general, contra.