## BEDGOOD v. STATE. (3 Div. 456.)

(Court of Appeals of Alabama. July 14, 1923.)

**1. Intoxicating liquors ⬩236(19)—Evidence held to warrant inference accused was engaged in distilling.**

In trial for distilling spirituous liquors, evidence that whisky was being made when officers came upon a still, that accused was present shaking a bottle of whisky, and that when

the officers approached accused fled, *held* to warrant the inference by the jury that accused was engaged in the act of distilling.

**2. Criminal law ⚖➡1086(14)—Sufficiency of evidence must be challenged below.**

Where the record does not show that the sufficiency of the evidence was challenged at the trial in any manner, the appellate court will not reverse the judgment on account of the failure or omission of the trial judge to instruct the jury that the evidence was not sufficient to authorize a conviction.

**3. Criminal law ⚖➡828, 1063(4)—Sufficiency of evidence must be challenged below.**

Where the evidence is deemed insufficient to warrant a conviction, a ruling of the trial court must be properly asked, usually by written request for affirmative charge for accused, and, in the absence of such request for instruction or motion for new trial, sufficiency of the evidence is not reviewable.

**4. Criminal law ⚖➡1144(4)—Plea of guilty presumed voluntary.**

Judicial confessions are voluntary, and it is not necessary to lay predicate to show that the plea of guilty was voluntarily entered.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Raymond Bedgood was convicted of violating the prohibition law, and appeals. Affirmed.

Lane & Lane, of Greenville, for appellant.

Confessions are prima facie involuntary, even though made on preliminary trial, and inadmissible, unless ascertained to be voluntary. Braxton v. State, 17 Ala. App. 167, 82 South. 657; Rivers v. State, 209 Ala. 140, 95 South. 293; Wright v. State, 3 Ala. App. 24, 58 South. 68; Wilson v. State, 84 Ala. 426, 4 South. 383; Kelly v. State, 72 Ala. 244; 1 Mayf. Dig. 206. Confession of the defendant is injurious, unless, independent thereof, the evidence is sufficient to authorize the conclusion of his guilt. Calvert v. State, 165 Ala. 99, 51 South. 311; Harden v. State, 109 Ala. 50, 19 South. 494.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was sufficient to authorize the inference that defendant was engaged in distilling. Frazier v. State, 17 Ala. App. 486, 86 South. 173; Murphy v. State, 18 Ala. App. 212, 89 South. 900; James v. State, 18 Ala. App. 236, 89 South. 864; Stewart v. State, 18 Ala. App. 114, 90 South. 49; Barnes v. State, 18 Ala. App. 344, 92 South. 15; Layman v. State, 18 Ala. App. 441, 93 South. 66. Judicial confessions are voluntary. Thomas v. State, ante, p. 187, 96 South. 182; 4 Mich. Ala. Dig. 175.

FOSTER, J. The defendant, appellant, was convicted of distilling spirituous liquors.

The evidence for the state tended to show that certain law enforcement officers went in the night to a 20-gallon copper still located on a branch in Butler county; that whisky was running from the still; that about 3½ gallons of whisky had been run; that the defendant was sitting on a log close to the still, on the side where the whisky was running out, shaking up a pint bottle of liquor, holding it between him and the fire, and watching the bead. There were two other negroes at the still. One of the state's witnesses testified that this defendant ran when the officers came upon the still, and another state's witness testified that this defendant did not run. There was evidence that defendant pleaded guilty in the justice of the peace court of Judge Stockton.

The evidence for the defendant tended to show that he had no connection with the manufacture of the liquor; that he went by the home of the other two negroes, and, not finding them, went to the still; that he was just sitting there, and had nothing to do with the liquor, and that the law enforcement officers told him it would be better for him to plead guilty in Judge Stockton's court. This was denied by the two officers who were present at the trial in circuit court, so far as they knew, but they did not remember being present at the preliminary hearing before Judge Stockton. There was a third law enforcement officer present at the time of the raid, but he was not examined as a witness.

[1] Evidence that whisky was being made, that the defendant was present at the still at the time, shaking a bottle of whisky, and that when the officers approached the defendant fled is sufficient to authorize the inference by the jury that the defendant was engaged in the act of distilling. Frazier v. State, 17 Ala. App. 486, 86 South. 173; James v. State, 18 Ala. App. 236, 89 South. 864; Barnes v. State, 18 Ala. App. 344, 92 South. 15.

[2] Counsel for appellant contend that the evidence was not sufficient to justify a conviction. Where the record does not show that the sufficiency of the evidence was challenged at the trial in any manner the appellate court will not reverse the judgment on account of the failure or omission of the trial judge to instruct the jury that the evidence was not sufficient to authorize a conviction. 4 Michie's Ala. Dig. p. 510, par. 683 (2).

[3] Where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court must be properly asked (usually by written request for the affirmative charge for defendant) in order to justify a review of the question by the appellate court. No written instruction was requested, and no motion for new trial made; hence the question of the sufficiency of the evidence will not be reviewed here. Woodson v. State, 170 Ala. 87, 54 South. 191, and authorities there cited.

[4] Judicial confessions are voluntary, and it is not necessary to lay predicate to show that the plea of guilty was voluntarily entered. 4 Mich. Ala. Dig. p. 175, par. 251 (4).

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.