## PASSMORE v. STATE. (7 Div. 232.)

(Court of Appeals of Alabama. Sept. 7, 1926.)

**1. Larceny ⚷═30(10).**

Indictment for grand larceny, describing money stolen as $5 bill and three $1 bills of paper currency of the United States was sufficient.

**2. Larceny ⚷═40(8).**

Proof that property stolen consisted of $5 bill and three $1 bills met allegation that stolen property was one $5 bill and three $1 bills of paper currency of United States.

**3. Witnesses ⚷═395—Permitting solicitor to prove what witness had testified on preliminary trial before any effort by defendant to impeach his testimony held error.**

In prosecution for larceny, where on cross-examination principal state's witness denied that he testified at preliminary trial that he could not say whether other man had gun or not, permitting solicitor to prove by witness just what he did swear on preliminary trial, without any effort by defendant to impeach his testimony, was error.

**4. Criminal law ⚷═785(16).**

Instruction that if two named witnesses, or either of them, willfully and corruptly swore falsely to material fact, jury might disregard all their testimony, was error as predicating impeachment of both witnesses on testimony of either.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Jesse Passmore was convicted of grand larceny, and he appeals. Reversed and remanded.

Knox, Dixon, Sims & Bingham, of Talladega, for appellant.

Description of the money must be proven substantially as alleged. 36 C. J. 853. When a predicate is laid for impeachment of a witness, until testimony is offered to support the predicate, the other party cannot introduce evidence as to what the witness formerly testified. The charge given for the state was bad.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The indictment describes the money stolen as "one five dollar bill and three one dollar bills of the paper currency of the United States of America." This was a description sufficient to put the defendant on notice as to the $5 bill and the three $1 bills alleged to have been stolen. Collins v. State, 14 Ala. App. 54, 70 So. 995.

[2] When proof was made that the property stolen consisted of money, and that it was one $5 bill and three $1 bills, the allegation

---

in the indictment as to what money had been stolen was met. The contention that the description of the money was not sustained by proof is not sustained.

[3] On the cross-examination of the principal state's witness, defendant's counsel asked witness if he did not swear in the preliminary trial that he could not say just whether the other man had a gun or not, to which he answered that he did not; whereupon the solicitor was permitted to prove by the witness just what he did swear to on the preliminary trial, before any effort had been made by defendant to impeach his testimony. The rule does not permit a party to bolster up the testimony of a witness by proof that at a former time or on a former trial the witness had testified to the same facts. It is only where predicate has been properly laid and proof made of a contradictory statement testified to that a witness will be permitted to go into a prior conversation or testimony and give his version of what actually took place. Until defendant had sought to impeach the testimony of the witness, it was error to permit the solicitor to bring out what was actually testified to by the witness on the preliminary trial.

[4] The court at the request of the state gave this charge:

"The court charges the jury that, if they believe from the evidence Jesse Passmore and Sam Gogins, or either of them, has willfully and corruptly sworn falsely to any material fact in the case, they may, if they see fit, disregard all of their testimony."

This charge predicates impeachment of the testimony of both witnesses upon the willful and corrupt swearing of either.

The giving of this charge was error.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.