38 So.2d 742

### GOOLSBY v. STATE.
### 6 Div. 663.

Court of Appeals of Alabama.
Feb. 8, 1949.

Ross, Ross & Ross, of Bessemer, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of manslaughter in the first degree.

The indictment charged the defendant with murder in the second degree, in that he "unlawfully and with malice aforethought killed Benton Vines by shooting him with a gun, but without premeditation or deliberation," etc. The trial, as stated, resulted in his conviction of the offense of manslaughter in the first degree, and his punishment was fixed at imprisonment for a period of three years and one day. The trial court adjudged the defendant guilty of manslaughter in the first degree, and sentenced him to the penitentiary for a period of three years and one day, in accordance with the verdict of the jury.

The evidence discloses, without dispute or conflict, that the defendant, using a shotgun, shot and killed the deceased named in the indictment, and it likewise also shows that at the time he fired the fatal shot, he, the defendant, was sitting inside his car and the deceased was standing by the side of the car about eight feet away.

The points of decision, relied upon by appellant to reverse the judgment of conviction, is the action of the court in refusing several special written charges, and also, several exceptions to the court's rulings on the admission and rejection of the evidence.

 The trial court delivered an excellent oral charge to the jury, to which no exception was reserved. In addition thereto, the court also gave at the request of defendant 34 written charges. The oral and given charges correctly covered every

phase of the law involved upon the trial of this case. Appellant however insists that error prevailed in the refusal of written charge 22. In support of this insistence appellant cites the case of Simmons v. State, 158 Ala. 8, 48 So. 606, which case on this point has been expressly overruled. Ex parte Davis et al., 184 Ala. 26, 63 So. 1010; McDowell v. State, 238 Ala. 101, 106, 189 So. 183. Charge 27 was properly refused. Chestnut v. State, 7 Ala.App. 72, 61 So. 609; Montgomery v. State, 169 Ala. 12, 53 So. 991; Amos v. State, 123 Ala. 50, 26 So. 524. We have carefully examined the remaining charges refused to defendant. Such of said charges that properly state the law were fairly and substantially covered by the oral and given charges.

There was no motion for a new trial, nor was there any insistence that the evidence adduced upon the trial was insufficient to support the verdict of the jury finding the defendant guilty of manslaughter in the first degree.

As stated, however, the insistence is made that the court committed error in several instances in ruling upon the admission of the evidence. We have carefully and attentively studied and considered each of the rulings of the court in this connection, and, with one exception only, there appears no need of discussing these questions as they are palpably free from any error calculated to injuriously affect the substantial rights of the accused.

 The ruling of the court referred to above, occurred during the cross examination of the first witness introduced by the defendant, whose name is Westbrook, who testified in substance that he saw the deceased on the night of the killing and some time prior thereto at Club Harlow, with a pistol in his hand. It does not appear how far "Club Harlow" is from the place where the killing complained of occurred, nor how long a time elapsed between the time he saw deceased and the time he was killed. He was not present at Syx's place where the homicide was committed and knew nothing about the facts of the killing. On cross examination of said witness who testified he had been in the service of the Army and the Navy, the Solicitor asked him, "You served a term in the penitentiary for desertion in the Navy?" Defendant's attorney said, "I object to that." The witness answered, "Yes." The court overruled the objection, and defendant reserved exception. It will be noted that the witness answered the question before the court ruled upon the objection. Also, that no grounds were stated upon the objection. Nor was there any motion made by the defendant to exclude the answer of the witness. This question is therefore not properly presented for review. Moreover, we are of the opinion that Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, is clearly applicable. Said rule provides, among other things, no judgment may be reversed or set aside on the improper admission or rejection of evidence, if it should appear (to the court) that the error complained of has not probably injuriously affected the substantial rights of the accused.

No error appearing in any ruling of the court to warrant or justify a reversal of the judgment of conviction from which this appeal was taken, said judgment is due to be affirmed. It is so ordered.

Affirmed.