35714.  ALLBRIGHT *et al. v.* THE STATE.

DECIDED JUNE 17, 1955.

*Limerick L. Odom,* for plaintiffs in error.

*Walton Usher, Solicitor-General,* contra.

TOWNSEND, J.  ■ One of the special grounds of the amended motion for new trial assigns error on the introduction in evidence of two pictures of the defendants, taken at the scene of the crime, which show a whisky still, several barrels, buckets, and other paraphernalia, and which also show each of the defendants fettered by handcuffs.  The objection, in substance, is that when the pictures were made, the defendants were under arrest; that they were under the command of the law; that the evidence was procured under duress and was prejudicial to the defendants.

The brief of evidence discloses that, when the officers came up to the still, the defendants ran away; that they were soon captured and returned to the still, where the pictures were made without their consent.  It does appear that the officer taking the pictures informed the defendants of his intention to do so, and

the defendants did not object. Article I, section I, paragraph VI of the Constitution (Code § 2-106) provides that no person shall be compelled to give testimony tending in any manner to incriminate himself. For a group of arresting officers to tell a couple of young Negro prisoners to pose for a picture, without at the same time advising them that whether they do so or not is optional, is for all intents and purposes an order to pose for the picture. The evidence, therefore, whether of probative value to the State in order to show guilt on the part of the defendants or not, was unlawfully obtained, rendering its introduction error. In order to be reversible, however, it must be harmful. The pictures show the defendants at the scene of the crime, standing amid all of the implements and paraphernalia which the officers testified were being employed in the manufacture of whisky. Obviously they were designed to show a connection between the defendants and the crime and to create the impression on the jury that the defendants and the paraphernalia belonged together. In addition, the pictures show the defendants with their hands fettered by handcuffs.

Code § 27-1401 provides: "No prisoner shall be brought into court, for arraignment or trial, tied, bound, or fettered, unless the court shall deem it necessary, during his arraignment or trial." This Code section comes from Cobb's Digest of Georgia Statutes, page 835, compiled in 1833. The purpose for which the statute was enacted is not apparent from its language, and none of the cases dealing with this Code section has discussed the reasons therefor. Most of the cases wherein complaint has been made about the violation of this section have held the fettering of prisoners in the presence of the court not to be reversible error because of the failure of counsel for the defendant to complain and make proper motion for appropriate action on the part of the trial court at the time of the occurrence. See *Fowler* v. *State,* 196 *Ga.* 748, 752 (27 S. E. 2d 557). It has been held to be in the discretion of the court whether or not the fetters should be removed, and Code § 27-1401 leaves this matter in the discretion of the trial judge. In view of his ruling denying the motion for mistrial, the court will not assume that the trial court did not deem it necessary, the record being otherwise silent upon this question. *Starr* v. *State,* 209 *Ga.* 258, 259 (71 S. E. 2d 654).

While nothing appears to indicate the reason for the enactment of the statute, it is nevertheless obvious that it was considered detrimental to the chances of a defendant to secure a fair trial to unnecessarily bring him into the presence of the jury in a fettered condition, thus giving the impression that he is a desperado, unworthy of being trusted to any extent whatsoever. While the statute recognizes that there are such persons who should be brought into court in this condition, and vests in the trial judge the discretion to determine which persons fall within this class, it is certainly harmful to a defendant to be placed in this category except in strict compliance with the law authorizing it. While these defendants were not actually brought before the court and jury in handcuffs, their photographs in this condition have the same prejudicial effect, and it cannot be said that the judge exercised his discretion in permitting them to be handcuffed on the occasion when their pictures were taken prior to the trial. If their flight should be deemed conduct necessitating fetters, the taking of their pictures in no way assured their continued presence. The admission of these pictures in evidence over objection was accordingly error requiring the grant of a new trial.

■ The charge of the court on the subject of flight authorizing an inference of guilt is taken verbatim from the charge approved in *Lewis* v. *State,* 200 *Ga.* 388 (37 S. E. 2d 405), and is a correct statement of the law on this subject. Had a more detailed charge on the subject been desired, a timely written request should have been made. *Grigg* v. *State,* 22 *Ga. App.* 637 (4) (96 S. E. 1049) ; *Whitfield* v. *State,* 51 *Ga. App.* 439 (4) (180 S. E. 630).

The remaining special grounds are not passed upon, as they are either without merit or are unlikely to recur.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*