286 So.2d 920

Jerry Wayne HOPKINS

v.

STATE.

8 Div. 429.

Court of Criminal Appeals of Alabama.

Oct. 16, 1973.

Rehearing Denied Dec. 4, 1973.

James M. Dyer, Huntsville, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

**512**

CATES, Presiding Judge.

Assaulting with a deadly instrument a peace officer engaged in the active discharge of his lawful duty: sentence, twenty years imprisonment.

**I**

Detective Robert Lee of the Huntsville Police Department went to a house to investigate a robbery. Detective Charlie Norment went along. Norment knocked on the front door and announced them as being police officers. Fortunately, for themselves, Lee and Norment stepped aside from the doorway, because two shots came through the door.

A second fusillade was later fired at Lee through the back door. It was inferable, though the evidence was somewhat confusing, that Hopkins was then the lone occupant of the house.

**II**

This prosecution is laid under Section 3 of Act 746, September 8, 1967 [Michie's 1958 Code, T. 14, § 374(20)] which reads:

"Whenever any peace officer or other law-enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault with a deadly instrument upon such officer, and any person guilty of such assault with a deadly instrument shall be guilty of a felony, and upon conviction shall be imprisoned in the penitentiary for not less than two years nor more than twenty years."

This offense requires proof to the required degree of; (a) an assault; (b) with a deadly *instrument*; (c) upon an officer as defined; and (d) while the officer is engaged in the *active* discharge of his *lawful* duty.

"Deadly instrument" is not defined in the Act. We conceive that analogy can be drawn from the well developed "deadly weapon" and "dangerous instrumentality" concepts in decisional law.

■ "Dangerous instrumentality" as applied in American Ry. Express Co. v. Tait, 211 Ala. 348, 100 So. 328, concededly embraced a pistol or other firearm. "Dangerous" is not, however, synonymous with "deadly." All that is deadly is dangerous, but not all that is dangerous is deadly.

■ Deadly imports that death is likely to be produced. This often entails proof as to the manner of the use of a claimed deadly implement. Sylvester v. State, 72 Ala. 201.

■ Since this case involves the use of a pistol it is not necessary to make abstract definitions of objects included in "deadly instrument." See Cozart v. State, 42 Ala. App. 535, 171 So.2d 77. We are clear to

the conclusion that a pistol as commonly understood is a deadly weapon and therefore within the scope of the instant statutory section. Cf. Code 1940, T. 14, § 36.

### III

Appellant claims that he was improperly arraigned on the instant indictment. The court reporter's transcript shows that arraignment and plea of not guilty occurred after the petty jury had been impaneled and sworn. Nothing shows, however, that the clerk expressly gave the prisoner in charge to the jury. This may be assumed from the taking of the petty juror's oath. See iv Bl.Com. 355.

We pretermit any consideration of the point in a trial's progress at which a delay of arraignment would constitute reversible error. See, however, Carr v. State, 43 Ala.App. 481, 192 So.2d 741; State v. Nilnch, 131 Wash. 344, 230 P. 129; and Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772.

■ Here the judgment (or minute) entry contradicts the court reporter's transcription. Accordingly, we must accord controlling priority to the "record proper." Howard v. State, 165 Ala. 18, 50 So. 954.

■ In this latter case the opinion states, "If there was in fact no arraignment, and no plea interposed by or for the defendant, the recitals of the record proper * * * should have been corrected * * *." The appellant has the duty of checking his record before submitting his appeal. Orum v. State, 286 Ala. 679, 245 So.2d 831.

We find no reversible error on this point.

### IV

Over objection, the State was allowed to introduce in evidence a photograph, State's Exhibit 1. This pictures the defendant at the time of his emerging from the house with his hands up in token of surrender.

■ We see nothing invidiously prejudicial in this portrayal. It was not a reenactment; rather part of the res gestae. Bates v. State, 40 Ala.App. 549, 117 So.2d 258, relying on Albright v. State, 92 Ga. App. 251, 88 S.E.2d 468, is readily distinguishable.

### V

■ When the tear gas drove Hopkins out of the house, an officer went in and retrieved a pistol. Appellant did not object to Detective Norment identifying the gun until all the circumstances of its seizure had been described. Then defense counsel, without assigning grounds, moved that the evidence be stricken. This was too vague and dilatory to put the trial judge in error.

### VI

The judgment entry reads in pertinent part:

### "JUDGMENT ENTRY

"Comes the State of Alabama by its District Attorney, also comes the defendant, Jerry Wayne Hopkins, in his own proper person and with his attorneys, Honorable Grifton E. Carden and Honorable James M. Dyer, and being duly arraigned in open Court upon an Indictment on a charge of Assault With Intent to Murder, for his plea thereto says he is not guilty. Issue is joined on said plea.

"Thereupon comes a jury of good and lawful men and woemn, [sic] to-wit: Helen Turner and eleven others, who, being duly empanelled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said defend-

ant, Jerry Wayne Hopkins, and his attorneys, Honorable Grifton E. Carden and Honorable James M. Dyer, being in open Court at each and every stage and during all of the proceedings in this cause, now on this the 5th day of April, 1972, said jurors upon their oaths do say: 'We, the Jury, find the Defendant guilty as charged in the indictment. Helen Turner, Foreman.'

"The defendant, Jerry Wayne Hopkins, and his attorneys, Honorable Grifton E. Carden and Honorable James M. Dyer, being in open Court and the defendant, Jerry Wayne Hopkins, being asked by the Court if he had anything to say why the judgment and sentence of the law should not be pronounced upon him, says nothing. It is therefore considered by the Court and it is the judgment and sentence of the Court that the defendant, Jerry Wayne Hopkins, be imprisoned in the State Penitentiary for twenty (20) years as punishment for his crime, * * *."

 On appeal the judgment of the primary court is presumed to be correct. James v. State, 18 Ala.App. 236, 89 So. 864. The recital of a judgment as to the verdict is prima facie correct. Sanders v. State, 19 Ala.App. 367, 97 So. 294.

As we have pointed out in III above, the record proper—of which the judgment entry is part—controls over the court reporter's transcript. This latter (R. 7) purports to show the delayed arraignment as follows:

"THE COURT: Bring the Defendant around. Do you waive the reading of the indictment?

"MR. CARDEN: No, sir.

"THE COURT: The Grand Jury of said County charge, that before the finding of this indictment, Jerry Wayne Hopkins, whose name is unknown to the Grand Jury other than as stated, did unlawfully assault Robert Lee, a law enforcement officer, to-wit: A Detective for the City of Huntsville, Alabama, Police Department, with a deadly weapon, to-wit: a pistol, while said officer was engaged in active discharge of his lawful duty, by shooting at him with a pistol. How do you plead, guilty or not guilty?

"THE DEFENDANT: Not guilty.

"MR. CARDEN: I object to having the arraignment and starting the trial on the same day.

"THE COURT: Overruled."

The verdict is couched in terms of the indictment for assault with intent to murder. This latter crime, denounced by Code 1940, T. 14, § 38, has at least one indispensable ingredient not found in § 3 of Act 746, supra, i. e., malice. Johnson v. State, 42 Ala.App. 511, 169 So.2d 773.

Since we cannot transpose the judgment to fit the charge, we might be compelled by Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644, to reverse the instant conviction because the foregoing judgment does not conform to the indictment. See Shuttlesworth v. City of Birmingham, 376 U.S. 339, 84 S.Ct. 795, 11 L.Ed.2d 766, reversing 42 Ala.App. 1, 149 So.2d 921. In *Cole,* supra, we find:

"* * * It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. * * *"

 Here we have a judgment convicting the defendant of a charge which for aught appearing was not pending against him. The indictment and verdict not conjoining the judgment would be error to reversal.

 However, agreeably with Supreme Court Rule 18, on September 21, 1973 the

State moved for certiorari, claiming the foregoing judgment was in error. Whereupon, return was made by the circuit clerk certifying, among other things, that the judgment entry "is corrected to read as follows: * * *."

The new judgment shows the indictment was for assaulting a law enforcement officer, etc., with a deadly weapon.

This new entry does not purport to have been made under Code 1940, T. 7, §§ 566 or 567. We are not advised of any dispute in the lower court. See Ison v. State, 44 Ala.App. 6, 200 So.2d 506. § 566 exempts amendments of "mere clerical errors" from its requirement of notice. The validity or truth of the new judgment has not been presented to us though the Attorney General served appellant's counsel with a copy of his motion or petition for the writ of certiorari.

We have examined the entire record and have decided that the judgment below is due to be

Affirmed.

All the Judges concur.