TYSON, Judge.
Anthony Henderson was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge sentenced the appellant to 15 years’ imprisonment in the penitentiary.
On the evening of February 20, 1983, a wedding anniversary party was held at Jean’s Supper Club in Jefferson County, Alabama.
Nathaniel Dudley testified that, on that night while he was at the door of the club taking up invitations for the party, the appellant came to the door and asked to use the telephone. Dudley let the appellant in and a few minutes later the appellant left the club.
Subsequently, the appellant was allowed by Dudley to come back into the club several times for various reasons. On one of these trips, the appellant stayed in and talked to some people. Dudley told the appellant that if he wished to remain in the club he had to make a contribution to the anniversary gift. The appellant then left but soon came back in again. Dudley then said that he would have to stay in or stay out and the appellant then left.
Dudley then went back to the door and when he opened it the appellant shot him in the neck. The appellant threatened to shoot Dudley again and kill him. By this time the two men were outside. The appellant then shot Dudley in the arm. Dudley started looking for his knife in his pocket but couldn’t find it. He hit the appellant on the head and the appellant dropped the gun and ran.
Charlene Fields stated that she attended the party at the club on the night in question. She said she was sitting next to Dudley when the appellant came into the club and heard Dudley tell the appellant that there was a private party going on and that he was not invited and could not come in. Dudley then took the appellant to the door and he left. Fields noticed that this same scene occurred two or three more times. The last time the appellant came in the two men started grabbing each other and then went outside. She ran outside and saw appellant holding his chest. Fields said she never saw Dudley with a knife.
Dr. John Garrett stated that he was at the Emergency Room of University Hospital when Dudley was brought in on the night of February 20, 1983. He testified that Dudley suffered gunshot wounds to the neck and upper forearm. He stated *650 that these injuries were serious and life-threatening. Dudley was hospitalized five days.
At the conclusion of the State’s evidence, defense counsel made a motion for judgment of acquittal which was denied by the trial judge.
William Henry Shelton testified that on the night of February 20, 1983, he saw the appellant go into the club. He stated that Dudley told the appellant he couldn’t come in. He saw Dudley hold a knife to the appellant’s neck and then Dudley threw the appellant outside. The appellant returned to the door and the two men struggled. They went outside and Shelton heard two shots. When he went outside he saw that Dudley had been shot and the appellant was running away.
The appellant testified that on the night in question he saw cars parked outside the club and he decided to go inside. Dudley met him at the door and asked him if he had an invitation. When the appellant replied that he did not have one, Dudley told him he would have to leave.
The appellant then asked to use the telephone. Dudley grabbed him, put a knife to his neck and cut him. The appellant said he would leave if Dudley would let him go. Dudley then threw him out. The appellant started walking away when he heard Dudley say he was going to kill him. He saw Dudley take out his knife and the appellant shot him. Dudley then ran toward the appellant and hit him. The two struggled and the gun went off a second time.
I
The appellant’s only issue on appeal is that the State failed to present a prima facie case. This contention is without merit.
Viewing the evidence in the light most favorable to the prosecution, it is clear that the State presented sufficient evidence at trial from which the jury could conclude, by fair inference, that the appellant was guilty of assault in the first degree. The testimony of Dudley alone was sufficient to sustain the appellant’s conviction. Willis v. State, 449 So.2d 1258 (Ala.Crim.App.1984).
The question of self-defense was for the jury to decide, which they properly resolved under the evidence presented. Finch v. State, 445 So.2d 964 (Ala.Crim.App.1983).
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.