TYSON, Judge.
Wilson Johnson was indicted for assault in the first degree. The jury found the appellant “guilty as charged in the indictment” and he was sentenced to 20 years’ imprisonment and ordered to pay $25,556 in restitution.
On the morning of October 27, 1985 Thomas Steele went to the appellant’s house. The appellant, who is known as “Sailor Man”, sold shots of whiskey at his house. After he had several drinks, Steele began talking to Jacqueline Tate. The two left the appellant’s house together and returned a while later.
When Steele and Tate returned to the appellant’s house, Steele noticed that the appellant was angry but did not know why. Tate told Steele that the appellant called him a “cocksucker”. Steele did not think much about it because he and the appellant were friends and afterwards kidded each other.
A short while later the appellant went into his bedroom and got his gun. Everyone started to leave the house and the appellant shot Steele in the side. Steele testified that he had his pocket knife in his pocket when he was shot but that he never reached for it or threatened the appellant in any way. Steele drove himself to the hospital.
Dr. Victor Duncan saw Steele in the emergency room at the Huntsville hospital. Steele had sustained a gunshot wound to the abdomen and the bullet damaged his stomach, pancreas and abdomen. Duncan stated that Steele required two operations for his wound and he remained in the hospital for several months. Steele’s injury was life threatening.
*1278 Jacqueline Tate testified that the appellant asked to have sexual intercourse with her on several occasions on the morning in question. Steele also wanted to have sex with Tate. Steele and Tate left the appellant’s house for a while and when they returned, the appellant was mad. Tate then left the appellant’s house.
Albert Ross was at the appellant’s house on the morning of October 27,1985. After Tate and Steele came back to the appellant’s house, Steele and the appellant began “carrying on foolishness.” (R. 64). At some point, Ross heard someone say, “He’s gone to get a gun.” (R. 65). Ross then left the house but he heard a shot as he was leaving.
The State then rested its case.
Betty Pearl Jordan was also present at the appellant’s house on the morning in question. Jordan was in the kitchen when she heard Steele and the appellant fussing. The appellant asked Steele to leave several times. At some point she heard a shot.
Isabelle Verine was at the appellant’s house on this particular morning. She stated that Steele and the appellant began arguing and the appellant told Steele to leave. The two then went into the bedroom and Steele pushed the appellant onto the bed. Steele was reaching for his pocket knife and the appellant shot him.
The appellant testified that, when Tate and Steele returned to his house on the morning in question, Tate told Steele that the appellant called him a name. The two began arguing and Steele was asked to leave. The appellant went into his bedroom and Steele followed him and pushed him onto the bed. Steele started choking the appellant and reached for a knife in his pocket. The appellant grabbed his gun and shot Steele to get him off. The appellant thought Steele was going to kill him.
I
The appellant challenges the sufficiency of the evidence. The indictment charged the appellant with the violation of § 13A-6-20(a)(l), Code of Alabama which states:
“A person commits the crime of assault in the first degree if:
“With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or dangerous instrument.”
A “serious physical injury” is one which creates a “substantial risk of death ...” to the victim. Ala.Code, § 13A-l-2(9) (1975). There was testimony presented by the State that Steele’s injury was life threatening. Thus, Steele certainly sustained serious physical injury.
Steele’s injury was caused by a deadly weapon (i.e., a gun). See Ala.Code, § 13A-1-2(11) (1975); Hopkins v. State, 51 Ala.App. 510, 286 So.2d 920 (1973).
The appellant’s intent to cause serious physical injury can be inferred from the circumstances surrounding this incident. Thus, there was sufficient evidence presented by the the State to support the appellant's conviction. Baldwin v. State, 342 So.2d 940 (Ala.Crim.App.1977).
The question of whether the appellant acted in self-defense was for the jury to resolve. Henderson v. State, 475 So.2d 649 (Ala.Crim.App.1985).
For the reasons stated, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.